Opinion
LIU, J.
Defendant Dewone T. Smith was charged with resisting an executive officer in the performance of his duties under Penal Code section 69 (hereafter section 69) and convicted by a jury. During the trial, the superior court denied defendant’s request to instruct the jury that it could instead convict him of the lesser offense of resisting a public officer under Penal Code section 148, subdivision (a)(1) (hereafter section 148(a)(1)), a crime that defendant contends is necessarily included within section 69. We hold that section 148(a)(1) was á necessarily included lesser offense of section 69 as alleged in the amended information. But because the record does not reveal substantial evidence that defendant violated section 148(a)(1) without also violating section 69, the trial court was not required to instruct on section 148(a)(1). Accordingly, we affirm defendant’s conviction.
I.
On the morning of April 21, 2008, Los Angeles Deputy Sheriff Deloy Baker was working as a prowl deputy in Module 1700 of the Men’s Central Jail. Deputy Baker explained: “A prowl deputy just walks the tiers, ensures everyone’s safety, that everyone is alive, and also provide[s] security when need be.” Defendant was one of several inmates being moved from their cells in Module 1700 to another location. The inmates had gathered their belongings in large plastic trash bags, placed the bags in the center of the corridor, and lined up outside of their cells facing the wall. A deputy then began searching the inmates’ belongings. Defendant turned away from the wall and told the deputy not to lose any of his “paperwork,” which he described as “important legal materials.” Deputy Baker instructed defendant not to talk and to face the wall. A few seconds later, defendant again turned away from the wall and told the deputy conducting the search not to lose his papers.
Defendant turned away from the wall a third time and said: “Don’t lose any of my fucking paperwork.” Deputy Baker testified that he “stepped up towards him . . . grabbed his left wrist with my left hand, put my right hand on the center of his back and assisted him to face the wall.” Deputy Baker continued: “As I was holding him, I felt his body become tense, he was breathing a lot heavier, his hands were clinching up, that’s when I gave him an order to put his—both of his hands behind his back so that way I could *237 handcuff him.” Defendant did not comply and instead spun to his left. Deputy Baker “took him down” so he could more easily handcuff defendant, losing his balance in the process and falling to the floor next to defendant. Defendant punched Deputy Baker twice in the face: “He jumps back up really quick before I was able to get proper footing and hits me twice with his left hand on the right side of my face.” Deputy Baker was dazed but got to his feet and, with the help of other deputies, “wrestled [defendant] to the ground” and handcuffed him.
On September 11, 2008, defendant was incarcerated in the Twin Towers Correctional Facility in Los Angeles County. About 7:00 a.m., Los Angeles County Deputy Sheriff Mark Tadrous arrived in Module 141 as part of an emergency response team (ERT). The ERT had been summoned because defendant refused to return to his cell.
Defendant was standing in the dayroom, yelling. Sergeant Chafen asked defendant to return to his cell and explained that defendant would be forced to do so if he refused. A deputy sheriff videotaped the incident, and the recording was played for the jury. An eight-page transcript of the audio portion of the recording was introduced into evidence. According to the transcript, Sergeant Chafen addressed defendant and said, “Now, the issue is—you don’t want to go back to your cell and you don’t want to go to court?” Defendant responded, “You’re right, I don’t,” adding: “Because the simple fact is, your officers playin’ with me. . . . They’re playin’ games, they’re playing with my food. I’m not keeping—I’m not going to play with nobody.” The sergeant asked, “Is there anything we can do today to work this out?” Defendant responded, “Look man, all I just ask, I don’t fuck with nobody—.” Sergeant Chafen then said, “I’m going to ask you to go back to your cell, lock it down, otherwise you leave me no choice.” Defendant responded, “Well, I mean, I’m going to . . . I’m going to have to ... I already let ACLU know.” The sergeant asked, “What is it you want to do?” Defendant said, “You gonna have to kill me man, because that’s going to get me up out of here, because I’m tired of . . . .” Sergeant Chafen replied, “Well, we’re not going to kill you.” The following colloquy then took place:
“Sgt: OK—do you realize what my option is?
“Smith: Well I understand, whoa whoa, what is your option? What is your option? Please please, let me know.
“Sgt.: I have to physically come in here and handcuff you and take you down to the hole. [][]... [f]
“Smith: But one thing you have to know—I’m going to be physical. I’m not going to—Somebody’s going to get hurt. I’m not playin’.”
*238 Deputy Tadrous entered the dayroom holding a large shield in front of him. Defendant threw a bowl that contained a mixture of urine and feces that struck the deputy on his arm. After firing Tasers as well as foam and rubber projectiles, the deputies succeeded in subduing defendant and placing him in handcuffs.
Based on the April 21, 2008 and September 11, 2008 incidents as well as two others not relevant here, an amended information charged defendant with, among other things, two counts of deterring or resisting an executive officer in violation of section 69. The trial court instructed the jury that a deputy sheriff is an executive officer and that defendant could be convicted of either count of deterring or resisting an executive officer in violation of section 69 if the prosecution proved that “One, the defendant used force or violence to resist an executive officer, [j]] Two, when the defendant acted, the officer was performing his lawful duty. [j[] And three, when the defendant acted, he knew the executive officer was performing his duty.” The trial court further instructed the jury that defendant could be convicted of the second count of resisting an executive officer on September 11, 2008, if the prosecution proved either that he forcibly resisted an executive officer or, in the alternative, that defendant “willfully and unlawfully attempted to deter or prevent an executive officer from the performance of any duty imposed upon that officer by law, and the attempt was accomplished by means of a threat of violence.”
The trial judge earlier had indicated to counsel that he was considering instructing the jury that it could convict defendant of resisting a public officer in violation of section 148(a)(1) as a lesser included offense of section 69. The prosecution argued “that a PC § 148 charge is, at best, a lesser related, rather than a lesser included offense” and “specifically objected] to giving the instruction.” The trial court ultimately declined to instruct the jury on section 148(a)(1) over defendant’s objection.
The jury found defendant guilty of both counts of deterring or resisting an executive officer. The jury returned a special verdict on the second count, checking the box on the verdict form that said “Guilty because the defendant, violently or forcefully resisted deputies from the Los Angeles Sheriff’s Department.” The jury did not check the box on the verdict form that read “Guilty because the defendant willfully and unlawfully attempted to deter an executive officer from performance of a future duty by means of a threat of force or violence.”
The jury also found defendant guilty of the other charges he faced. Defendant admitted that he had suffered four prior convictions but moved the trial court to dismiss them in the interest of justice. (See People v. Superior *239 Court (Romero) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].) The trial court denied the motion to dismiss and sentenced defendant to 150 years to life in prison.
The Court of Appeal affirmed the conviction but vacated the sentence and remanded the case with directions to the trial court to reconsider defendant’s motion to dismiss his prior convictions and to exercise its sentencing discretion. The Court of Appeal concluded that section 148(a)(1) is not a necessarily included offense of section 69 and that even if it were, the trial court was not required to so instruct the jury because there was no substantial evidence that defendant committed the lesser offense without committing the greater offense. We granted defendant’s petition for review to decide whether section 148(a)(1) is a lesser included offense of section 69, a question that has divided the Courts of Appeal.
II.
“It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury’s understanding of the case. [Citations.]” (People v. St. Martin (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) “That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.” (People v. Breverman (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094] (Breverman).)
In this case, neither the defense’s request for an instruction on a lesser included offense nor the prosecution’s objection to the request has any bearing on the issue before us. That is because “California law has long provided that even absent a request, and over any party’s objection, a trial court must instruct a criminal jury on any lesser offense ‘necessarily included’ in the charged offense, if there is substantial evidence that only the lesser crime was committed. This venerable instructional rule ensures that the jury may consider all supportable crimes necessarily included within the charge itself, thus encouraging the most accurate verdict permitted by the pleadings and the evidence.” (People v. Birks (1998) 19 Cal.4th 108, 112 [77 Cal.Rptr.2d 848, 960 P.2d 1073] (Birks).) “[T]he rule prevents either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other. Hence, the mle encourages a verdict, within the charge *240 chosen by the prosecution, that is neither ‘harsher [n]or more lenient than the evidence merits.’ [Citations.]” (Id. at p. 119.) Thus, “a trial court errs if it fails to instruct, sua sponte, on all theories of a lesser included offense which find substantial support in the evidence. On the other hand, the court is not obliged to instruct on theories that have no such evidentiary support.” (Breverman, supra, 19 Cal.4th at p. 162.)
A.
For purposes of determining a trial court’s instructional duties, we have said that “a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]” (Birks, supra, 19 Cal.4th at pp. 117-118, fn. omitted; cf. People v. Reed (2006) 38 Cal.4th 1224, 1228-1229 [45 Cal.Rptr.3d 353, 137 P.3d 184].)
Section 148(a)(1) is not a lesser included offense of section 69 based on the statutory elements of each crime. Section 69 states: “Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment [in the state prison], or in a county jail not exceeding one year, or by both such fine and imprisonment.” We have explained that section 69 “sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty.” (In re Manuel G. (1997) 16 Cal.4th 805, 814 [66 Cal.Rptr.2d 701, 941 P.2d 880].)
The first way of violating section 69 “encompasses attempts to deter either an officer’s immediate performance of a duty imposed by law or the officer’s performance of such a duty at some time in the future.” (In re Manuel G., supra, 16 Cal.4th at p. 817, fn. omitted.) The actual use of force or violence is not required. (See id. at p. 814 [“A threat, unaccompanied by any physical force, may support a conviction for the first type of offense under section 69. [Citation.]”].) Further, “the statutory language [of the first clause of section 69] does not require that the officer be engaged in the performance of his or her duties at the time the threat is made. . . . Thus, for example, a person who telephones an off-duty officer at his or her home and threatens to kill the officer if he or she continues to pursue a lawful *241 investigation the following day or week may be convicted of the first type of offense under section 69, even though the officer was not engaged in the performance of his or her duties at the time the threat was made.” (Id. at p. 817.)
The second way of violating section 69 expressly requires that the defendant resist the officer “by the use of force or violence,” and it further requires that the officer was acting lawfully at the time of the offense. (See In re Manuel G., supra, 16 Cal.4th at p. 815 [“a defendant cannot be convicted of an offense against a peace officer ‘ “engaged in . . . the performance of. . . [his or her] duties” ’ unless the officer was acting lawfully at the time the offense against the officer was committed”].)
Section 148(a)(1) is similar to the second way of violating section 69 but is clearly different from the first way of violating section 69. Section 148(a)(1) says: “Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician ... in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment.”
A person who violates section 69 in the second way—by “knowingly resisting], by the use of force or violence, such officer, in the performance of his duty”—also necessarily violates section 148(a)(1) by “willfully resisting] . . . any public officer ... in the discharge or attempt to discharge any duty of his or her office or employment.” (People v. Lacefield (2007) 157 Cal.App.4th 249, 257 [68 Cal.Rptr.3d 508] (Lacefield) [“it appears to be impossible to violate the second type of offense in section 69 without also violating section 148(a)(1) . . . .”].) But it is possible to violate section 69 in the first way—by attempting, through threat or violence, to deter or prevent an executive officer from performing a duty—without also violating section 148(a)(1). A person who threatens an executive officer in an attempt to deter the officer from performing a duty “at some time in the future” (In re Manuel G., supra, 16 Cal.4th at p. 817) does not necessarily willfully resist that officer in the discharge or attempt to discharge his or her duty under section 148(a)(1). Accordingly, section 148(a)(1) is not a lesser included offense of section 69 based on the statutory elements of each offense. (People v. Belmares (2003) 106 Cal.App.4th 19, 24 [130 Cal.Rptr.2d 400] [“By the statutory elements test, . . . resisting is not a lesser included offense of deterring since one can deter an officer’s duty in the future (§ 69) without resisting the officer’s discharge or attempted discharge of a duty at that time (§ 148, subd. (a)(1)).”]; People v. Lopez (2005) 129 Cal.App.4th 1508, 1532 [29 Cal.Rptr.3d 586] [“section 148 is not a lesser included offense of section *242 69, because section 69 can involve a present attempt to deter an officer’s future duty”].) We disapprove People v. Lacefield, supra, 157 Cal.App.4th 249 to the extent it held that section 148(a)(1) is a necessarily lesser included offense of section 69 based upon the statutory elements of those offenses. (Lacefield, at p. 259.)
But in determining whether a trial court has a duty to instruct the jury on lesser offenses, we also consider the language of the accusatory pleading. (Birks, supra, 19 Cal.4th at p. 117.) If the accusatory pleading in the present case had charged only the first way of violating section 69—i.e., that defendant attempted, through threat or violence, to deter or prevent an executive officer from performing a duty—section 148(a)(1) would not have been a necessarily included offense. But the amended information charged defendant with both ways of violating section 69. In addition to the first way of violating the statute, the accusatory pleading also alleged that defendant violated the statute in the second way by “knowingly resisting], by the use of force or violence, such officer, in the performance of his duty.” As explained above, section 148(a)(1) is necessarily included within this second way of violating section 69.
We addressed a similar situation in People v. Barrick (1982) 33 Cal.3d 115 [187 Cal.Rptr. 716, 654 P.2d 1243] (Barrick), which held that the trial court erred in refusing to instruct the jury that joyriding in violation of the former version of Penal Code section 499b (hereafter section 499b) is a lesser included offense of taking or driving a vehicle under Vehicle Code section 10851 (hereafter section 10851). At that time, section 10851 provided that “[a]ny person who drives or takes a vehicle not his own, without the consent of the owner thereof, and with intent either permanently or temporarily to deprive the owner thereof of his title to or possession of the vehicle ... is guilty of a public offense . . .” (Stats. 1976, ch. 1139, § 336, p. 5171), while section 499b made it a misdemeanor to, “without the permission of the owner thereof, take any . . . vehicle ... for the purpose of temporarily using or operating the same . . . .” (Stats. 1965, ch. 1354, § 1, p. 3249).
Like the charged crime in the present case, there are two ways of violating section 10851: the defendant can either “drive” or “take” the vehicle. Barrick recognized that “joyriding is not intrinsically a necessarily included offense within Vehicle Code section 10851” (Barrick, supra, 33 Cal.3d at p. 133) because there could be “rare” instances in which a person could “take” a vehicle under section 10851 for the purpose of depriving the owner of possession, but not have the intent required under section 499b to use or operate the vehicle: “for example, a vehicle could be towed with the specific intent to deprive the owner of possession without being towed for the purpose of using or operating the vehicle.” (Barrick, at pp. 134-135.) “Thus, so long *243 as the charging allegation alleges merely a taking with the intent to deprive the owner of possession, violation of section 499b is not necessarily included.” (Id. at p. 135.)
But the situation changes if the accusatory pleading charges the defendant with driving the vehicle. Although section 10851 states in the disjunctive that the statute applies if the defendant either “drives or takes a vehicle,” the Attorney General notes in her briefing here,that “[w]hen a crime can be committed in more than one way, it is standard practice to allege in the conjunctive that it was committed every way.” Barrick reasoned that the accusatory pleading, “by accusing defendant of driving and taking a vehicle without the owner’s permission, necessarily charged both a violation of Vehicle Code section 10851 and of Penal Code [former] section 499b” because “one cannot drive a vehicle without the purpose of using or operating it . . . .” (Barrick, supra, 33 Cal.3d at pp. 133, 135.) “Thus, a complaint which charges a defendant with ‘driving and taking’ an automobile necessarily charges that he took the automobile ‘for the purpose of temporarily using or operating the same’ and thus violated section 499b.” (Id. at p. 135, fn. omitted.) Accordingly, Barrick held that the “charging allegation . . . rendered] joyriding a necessarily included lesser offense within the charged violation of Vehicle Code section 10851.” (Barrick, at p. 133; see People v. Moon (2005) 37 Cal.4th 1, 26 [32 Cal.Rptr.3d 894, 117 P.3d 591] [following Barricks holding].)
Similarly here, section 148(a)(1) is not intrinsically a necessarily lesser included offense of section 69 because a defendant can violate section 69 in the first way, by attempting to deter an executive officer from performing a duty, without violating section 148(a)(1). But the amended information in the present case alleged in both counts that defendant violated section 69 not only in the first way but also in the second way by forcibly resisting an officer. As explained above, it is not possible to violate section 69 in this second way without also violating section 148(a)(1). Therefore, section 148(a)(1) was a necessarily included lesser offense of section 69 as alleged in the amended information.
This result comports with the purpose for requiring jury instructions on necessarily included lesser offenses. We have recognized that “ ‘the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, [and] a defendant has no right to an acquittal when that evidence is sufficient to establish a lesser included offense. [Citation.]’ [Citations.]” (Breverman, supra, 19 Cal.4th at p. 155.) The “broader interests served by the sua sponte instructional rule” are that it avoids “presenting the jury with an ‘unwarranted all-or-nothing choice,’ encourages ‘a verdict ... no harsher or more lenient than the evidence *244 merits’ [citation], and thus protects the jury’s ‘truth-ascertainment function’ [citation], ‘These policies reflect concern [not only] for the rights of persons accused of crimes [but also] for the overall administration of justice.’ [Citation.]” (Ibid.) “[T]he rule seeks the most accurate possible judgment by ‘ensuring] that the jury will consider the full range of possible verdicts' included in the charge .... [Ejvery lesser included offense, or theory thereof, which is supported by the evidence must be presented to the jury.” (Ibid., citation omitted; accord, People v. Barton (1995) 12 Cal.4th 186, 196 [47 Cal.Rptr.2d 569, 906 P.2d 531] (Barton) [“ ‘Our courts are not gambling halls but forums for the discovery of truth.’ [Citation.] Truth may lie neither with the defendant’s protestations of innocence nor with the prosecution’s assertion that the defendant is guilty of the offense charged, but at a point between these two extremes: the evidence may show that the defendant is guilty of some intermediate offense included within, but lesser than, the crime charged. A trial court’s failure to inform the jury of its option to find the defendant guilty of the lesser offense would impair the jury’s truth-ascertainment function.”].)
The rale we affirm today—requiring sua sponte instruction on a lesser offense that is necessarily included in one way of violating a charged statute when the prosecution elects to charge th¿ defendant with multiple ways of violating the statute—does not require or depend on an examination of the evidence adduced at trial. The trial court need only examine the accusatory pleading. When the prosecution chooses to allege multiple ways of committing a greater offense in the accusatory pleading, the defendant may be convicted of the greater offense on any theory alleged (see People v. McClennegen (1925) 195 Cal. 445, 452 [234 P. 91]), including a theory that necessarily subsumes a lesser offense. The prosecution may, of course, choose to file an accusatory pleading that does not allege the commission of a greater offense in a way that necessarily subsumes a lesser offense. But so long as the prosecution has chosen to allege a way of committing the greater offense that necessarily subsumes a lesser offense, and so long as there is substantial evidence that the defendant committed the lesser offense without also committing the greater, the trial court must instruct on the lesser included offense. This allows the jury to consider the full range of possible verdicts supported by the evidence and thereby calibrate a defendant’s culpability to the facts proven beyond a reasonable doubt. As our precedent has emphasized, such an approach does not, in purpose or effect, work to the advantage of either the prosecution or the defense. Instead, it serves to protect the jury’s truth-ascertainment function. (See Breverman, supra, 19 Cal.4th at p. 155; Barton, supra, 12 Cal.4th at p. 196.)
Applying the rule to the statutory offenses at issue here, we summarize the trial court’s instructional duty as follows: Where an accusatory pleading alleges both ways of violating section 69, the trial court should *245 instruct the jury that if it finds beyond a reasonable doubt that a defendant committed either way of violating section 69, it should find the defendant guilty of that crime. If not, the jury may return a verdict on the lesser offense of section 148(a)(1) so long as there is substantial evidence to conclude that the defendant violated section 148(a)(1) without also violating section 69.
B.
As noted, our conclusion that section 148(a)(1) was a necessarily included lesser offense of section 69 as alleged in the amended information does not end the analysis because a trial court is not required to instruct the jury on a necessarily included lesser offense “ ‘when there is no evidence that the offense was less than that charged.’ ” (Breverman, supra, 19 Cal.4th at p. 154.) That is the case here.
In the April 21, 2008 incident, defendant physically resisted and punched the guard at the Men’s Central Jail. In the September 11, 2008 incident, defendant again physically resisted the guards and was subdued only after the deputies used Tasers and foam and rubber projectiles. Defendant was either guilty or not guilty of resisting the executive officers by the use of force or violence in violation of section 69. There was no evidence that defendant committed only the lesser offense of resisting the officers without the use of force or violence in violation of section 148(a)(1). (See People v. Carrasco (2008) 163 Cal.App.4th 978, 985 [77 Cal.Rptr.3d 912].) Accordingly, the trial court was not required to instruct the jury on the necessarily included lesser offense of section 148(a)(1).
Conclusion
For the reasons above, we affirm the judgment of the Court of Appeal.
Cantil-Sakauye, C. J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.