Filed 11/20/13  P. v. Wallace CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES FLOYD WALLACE,<br><br>    Defendant and Appellant. | 2d Crim. No. B238946<br>(Super. Ct. No. KA094768)<br>(Los Angeles County) |

James Floyd Wallace appeals from the judgment following his conviction by jury of misdemeanor assault on a peace officer (Pen. Code, § 241, subd. (c));[1] felony evasion of an officer (Veh. Code, § 2800.2, subd. (a)); driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)); driving with a revoked license (Veh. Code, § 14601.1, subd. (a)); misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a)); and resisting an executive officer (Pen. Code, § 69). In a bifurcated proceeding, the trial court found true the allegations that appellant had two prior serious felony convictions or juvenile adjudications (§ 667, subd. (a)(1)); two prior serious or violent felonies within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); and had served seven prior prison terms (§ 667.5, subd. (b)).  The court sentenced him to a 15-year 8-month

---

[1] All statutory references are to the Penal Code unless otherwise stated.

prison term. Appellant challenges the sufficiency of the evidence to support the felony officer evasion. He further claims he was improperly convicted of misdemeanor assault on a peace officer because it is a lesser included offense of the charge of resisting an officer of which he was charged and convicted. We affirm.

FACTUAL BACKGROUND

On July 2, 2011, at approximately 9:00 p.m., appellant was driving his Lincoln town car on Holt Avenue in Pomona. He offered Elizabeth Bartlett a ride. She accepted and sat in the front passenger seat. Bartlett thought appellant was drunk. He nearly hit several cars as he drove; he had difficulty speaking; and his breath smelled like liquor.

Appellant continued driving west on Holt toward a police-operated checkpoint lane for driving under the influence and driving without a license. Appellant turned from that lane into a well-lit gas station, parked near a gas pump, and stayed inside the Lincoln. Uniformed Pomona Police Department Officer Glenn Sugiki approached the Lincoln and asked appellant for his driver's license. Appellant failed to produce a license. His eyes were bloodshot. Thinking that appellant might be intoxicated, Sugiki repeatedly told him to surrender the car keys, which were in the ignition. Appellant refused to do so, and told Sugiki, "You must be out of your fucking mind." Appellant stayed in the driver's seat, with his door open.

Sugiki stood in the space between appellant and the open driver's door, leaned into the car, and tried to remove the keys from the ignition. Appellant still refused to surrender the keys. Sugiki struggled with him, and tried to prevent his driving away. Appellant pushed the accelerator and the Lincoln's wheels started spinning while Sugiki's head was inside the car. Sugiki tried to grab the steering wheel but appellant kept driving. The car lurched forward. Its door hit Sugiki and knocked him off balance. His glasses fell off. Sugiki moved quickly so the Lincoln would not run over his legs, and appellant sped away.

Bartlett, who was still in the Lincoln, feared for her life. Appellant was driving at high speeds, after dark, with the lights off, and the Lincoln was "bouncing

2

off the curb."  Bartlett begged appellant to let her get out.  Appellant stopped the car, pushed her out, and sped away.

Several police officers pursued appellant in marked patrol vehicles and recorded the chase.  They caught up with him at Holt and Fairplex Drive, before he entered the 71 Freeway.  During the chase, appellant illegally straddled the driving lanes; made an illegal left turn through a red light; and hit several parked cars.  He damaged at least one car, a Honda, but did not stop to leave identifying information for its owner.

Appellant finally parked the Lincoln at a police station and got out.  Officers administered field sobriety tests, which appellant failed.  His blood alcohol content was .18, above the .08 legal limit.  Appellant's driver's license had been revoked since 1978.

DISCUSSION

*Sufficiency of the Evidence*

Appellant contends there is not sufficient evidence to support his conviction of felony officer evasion because there is no evidence of his wanton disregard for safety.  We disagree.

In assessing a sufficiency of the evidence claim, we consider the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence, that is, "'". . . evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt."'"  (*People v. Burney* (2009) 47 Cal.4th 203, 253.)  We presume all facts in support of the judgment which reasonably could be deduced from the evidence, accord the judgment all reasonable inferences from the evidence, and do not reweigh the evidence or assess credibility.  (*People v. Wilson* (2008) 44 Cal.4th 758, 806; *People v. Martinez* (2003) 113 Cal.App.4th 400, 412.)  Reversal is not warranted simply because the evidence might also reasonably be reconciled with a different verdict.  (*People v. Albillar* (2010) 51 Cal.4th 47, 59-60; *People v. Bolin* (1998) 18 Cal.4th 297, 331.)

3

Vehicle Code section 2800.2, subdivision (a), makes it a crime "[i]f a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property . . . ."  However, a violation of section 2800.1 occurs only if the person being pursued, "with the intent to evade, willfully flees or otherwise attempts to elude" a pursuing peace officer.  (Veh. Code, § 2800.1, subd. (a).)

In claiming there is no evidence of his wanton disregard for others, appellant stresses that the pursuit occurred at night when there was little traffic.  He further argues that "Officer Vandenberg was unable to specify any specific events in the driving that put other parties at a risk other than the self-evident statement that all traffic violations are unsafe."  The record contains substantial evidence that he drove the Lincoln with wanton disregard for the safety of persons or property as he evaded the police.  As the police pursued him, appellant drove the Lincoln in the dark, with its lights off; he turned left against a red light; he hit at least one parked car; and he sometimes drove at a high rate of speed.  Moreover, he did so while under the influence of alcohol, and without a valid driver's license.  By their nature, several of his traffic violations reflect appellant's wanton disregard for the safety of others.  For example, his driving in the dark, without lights, increased his risk of hitting another person.  The jury could reasonably infer from the evidence that appellant acted with "wanton disregard for the safety of persons or property" while evading the police.

*Lesser Included Offense*

The jury convicted appellant of misdemeanor assault on a police officer (§ 241, subd. (c)),[2] as a lesser included offense of the charged felony assault on a

_____

[2] Throughout the proceedings below, in referring to the lesser included offense of misdemeanor assault on a peace officer, which is defined in subdivision (c) of section 241, the trial court and counsel mistakenly cited subdivision (b) of that section. (Appellant and respondent also cite subdivision (b) throughout their briefs.) (Subdivision (b) defines an assault on a parking control officer.)  Despite the typographical references to subdivision (b), the jury was instructed regarding the

police officer with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (c)).  He contends that his section 241, subdivision (c) misdemeanor assault on a police officer conviction must be reversed because the crime is a lesser included offense of  resisting an officer in violation of section 69.  We disagree.

"'In general, a person may be convicted of, although not punished for, more than one crime arising out of the same act or course of conduct.' [Citation.]  'A judicially created exception to the general rule permitting multiple convictions "prohibits multiple convictions based on necessarily included offenses."  [Citation.]  "[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.  [Citation.]'"  (*People v. Leal* (2009) 180 Cal.App.4th 782, 792-793 (*Leal* ).)

"Our Supreme Court has 'applied two tests in determining whether an uncharged offense is necessarily included within a charged offense:  the "elements" test and the "accusatory pleading" test.  Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser

---

correct elements of misdemeanor assault on a police officer.  We use subdivision (c) of section 241 in this discussion.  We will direct the trial court to amend minutes and the abstract of judgment on remand to cite subdivision (c) rather than subdivision (b) of section 241.  The relevant provisions of section 241 follow:

"(a) An assault is punishable by a fine not exceeding . . . $1,000, or by imprisonment in the county jail not exceeding six months, or by both the fine and imprisonment.  [¶]  (b) When an assault is committed against the person of a *parking control office*r engaged in the performance of his or her duties, and the person committing the offense knows or reasonably should know that the victim is a parking control officer, the assault is punishable by a fine not exceeding . . . $2,000 or by imprisonment in the county jail not exceeding six months, or by both the fine and imprisonment.  [¶]  (c) When an assault is committed against the person of a *peace officer* . . . , and the person committing the offense knows or reasonably should know that the victim is a peace officer, . . . engaged in the performance of his or her duties, . . . the assault is punishable by a fine not exceeding . . . $2,000, or by imprisonment in the county jail not exceeding one year, or by both the fine and imprisonment."  (Italics added.)

offense, the latter is necessarily included in the former. Under the accusatory pleading test, if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense, the latter is necessarily included in the former. [Citation.]' The Court has explained that 'it is logically consistent to apply the accusatory pleading test when it is logical to do so (to ensure adequate notice) but not when it is illogical to do so (when doing so merely defeats the legislative policy permitting multiple convictions). Our conclusion results in a straightforward overall rule: Courts should consider the statutory elements and the accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an *uncharged* crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple *charged* crimes.' [Citation.]" (*Leal, supra*, 180 Cal.App.4th at 793.)

Here, the issue is whether appellant may be convicted of multiple charged crimes. Accordingly, we apply the statutory elements test to determine whether the elements of the claimed greater offense (resisting an officer in violation of section 69) include all the elements of the claimed lesser offense (misdemeanor assault on an officer in violation of section 241, subdivision (c) such that the greater offense cannot be committed without also committing the lesser offense. (*Leal, supra*, 180 Cal.App.4th at 793.)

Appellant cites *People v. Lacefield* (2007) 157 Cal.App.4th 249 in arguing that section 241, subdivision (c) is a lesser included offense of section 69. Our Supreme Court recently "disapprove[d] *Lacefield* to the extent it held that section 148 [subdivision] (a)(1) is a necessarily lesser included offense of section 69 based upon the statutory elements of those offenses," in *People v. Smith* (2013) 57 Cal.4th 232, 242. In reaching its holding, the Supreme Court explained that "section 69 'sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty.'" (*Id*. at p. 240.) The Court further explained that "it

6

is possible to violate section 69 in the first way—by attempting, through threat or violence, to deter or prevent an executive officer from performing a duty—without also violating section 148(a)(1). A person who threatens an executive officer in an attempt to deter the officer from performing a duty 'at some time *in the future*' [citation] does not necessarily willfully resist that officer in the discharge or attempt to discharge of his or her duty under section 148(a)(1). Accordingly, section 148(a)(1) is not a lesser included offense of section 69 based on the statutory elements of each offense." (*Id.* at p. 241.)

Appellant reasons that because the force referenced in the section 69 resisting offenses is indistinguishable from the force referenced in the assault component of the section 241, subdivision (c) misdemeanor assault on a police officer, the latter crime is a lesser included offense of section 69. Appellant is wrong. As he recognizes, the section 241, subdivision (c) offense necessarily occurs when a peace officer *is performing* his duties. However, as the Supreme Court recognized in *Smith*, a person can violate section 69 by threatening "an executive officer in an attempt to deter the officer from performing a duty '*at some time in the future.*'" (*People v. Smith*, *supra*, 47 Cal.4th at p. 241, italics added.) Therefore, a person can violate section 69 without violating section 241, subdivision (c) by assaulting a peace officer *during the commission of his duties*. Section 241, subdivision (c) "is not a lesser included offense of section 69 based on the statutory elements of each offense." (*Smith,* at p. 241.)

The parties dispute whether section 241, subdivision (c) is a lesser included offense of section 69 under the accusatory pleading test. Because that test has no application to the issue before us (*Leal, supra*, 180 Cal.App.4th at 793), we do not discuss it.

## DISPOSITION

We direct the superior court to amend the minutes and the abstract of judgment to cite section 241, subdivision (c) in each reference to appellant's

7

conviction of misdemeanor assault on a police officer.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P.J.


YEGAN, J.

Tia Fisher, Judge

Superior Court County of Los Angeles

_____

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Carl N. Henry, Deputy Attorney General, for Plaintiff and Respondent.