Filed 4/26/16  P. v. Frerks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ANDREW ALLEN FRERKS,<br><br>      Defendant and Appellant. | C079114<br><br>(Super. Ct. No. CM041348) |

Defendant Andrew Allen Frerks pleaded no contest to possession of a firearm by a felon and possession of ammunition by a felon, and admitted a prior felony conviction. Then, after a court trial, the trial court convicted him of resisting an executive officer and found true a prior strike allegation.  The trial court sentenced defendant to five years four months in prison.

Defendant now contends there is insufficient evidence to support his conviction for resisting an executive officer.  (Pen. Code, § 69.)  We will affirm the judgment.

1

BACKGROUND

On July 8, 2014, about 7:30 a.m., the Butte County Sheriff's Department SWAT team executed a search and arrest warrant for defendant and his caretaker, Rodney Baker, at defendant's rural property. The warrant was high-risk because defendant and Baker were allegedly armed and possibly violent toward law enforcement.

While executing the warrant, deputies wore green protective vests with the word "Sheriff" written in large yellow letters on the front, shoulders, and back, along with helmets and camouflaged clothing. To drive onto the property, deputies used a BearCat, which is a four-wheeled armored vehicle, and a marked patrol car. It was light outside when they executed the warrant.

Deputies found and detained Baker in a clearing, about 100 to 300 feet away from defendant's residence. They proceeded to defendant's front door, where they knocked and yelled, "Sheriff's office, search warrant, demanding entry!" Deputies continued the knock notice for 18 seconds, but there was no response. Deputies detonated two flash-bang distraction devices outside the residence and then immediately entered through the unlocked front door.

Detective Paley, who was holding a ballistic shield marked with the word "Sheriff," was the first to enter the home, with Detective Calkins directly behind. As both deputies entered the home, they saw defendant seated in a reclining chair about three to five feet from the front door. Defendant was leaning over at the waist, reaching with an empty hand to a cabinet on his right. The deputies had been told defendant kept a nine-millimeter handgun next to his recliner chair.

Paley yelled at defendant to show his hands, but defendant failed to comply. Paley then noticed a handgun in defendant's hands and yelled in warning to the other deputies. Calkins also saw defendant fumbling with a handgun between his knees, and defendant's hands were shaking. Both deputies understood defendant's conduct as threatening.

Calkins, with the help of another deputy, grabbed defendant and tackled him to the floor. The nine-millimeter semiautomatic handgun defendant was holding also fell to the floor, and a deputy retrieved it. The gun had the safety off and was fully loaded, with a round in the chamber and 10 rounds in the magazine.

Only five seconds had elapsed between the deputies entering the residence and defendant being detained. After being detained, defendant was cooperative. He told deputies, and testified at trial, that he was asleep and failed to hear or realize that law enforcement officers were trying to enter his home. Although defendant claimed to have a hearing problem, he had no difficulty speaking with deputies that day. He testified at trial he could read lips. He also explained he was scared during the incident and thought he was reaching for a BB gun, not his handgun.

Defendant pleaded no contest to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1) -- count two)[1] and possession of ammunition by a felon (§ 30305, subd. (a)(1) -- count three). He also admitted a prior felony conviction. (§ 192, subd. (a).) The factual basis for the plea was the probation report.

After a court trial on the remaining charges and enhancement allegations, the trial court found defendant guilty of resisting an executive officer (§ 69 -- count one) and found true the prior strike allegation (§ 667, subd. (d), 1170.12, subd. (b)). The trial court found not true a firearm use enhancement allegation. (§§ 12022.5, subds. (a), (d), 1192.7, subd. (c)(8).) The trial court imposed an aggregate sentence of five years four months in prison.

DISCUSSION

Defendant contends there is insufficient evidence he resisted an executive officer. He argues his encounter with the police was brief and he made no verbal threats. He also

---

[1] Undesignated statutory references are to the Penal Code.

3

contends there was insufficient evidence to show he threatened deputies with the gun, especially because the trial court failed to find true the gun use enhancement and described defendant as merely fumbling with the gun and never aiming it at the officers.

In evaluating defendant's claim, " 'we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict -- i.e., evidence that is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] . . . A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the [trier of fact's] verdict. [Citation.]' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

Section 69 provides: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by [fine, imprisonment, or both]." (§ 69, subd. (a).) This offense may be committed in two separate ways. "The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty." (*In re Manuel G.* (1997) 16 Cal.4th 805, 814; accord, *People v. Smith* (2013) 57 Cal.4th 232, 240.)

Defendant was convicted of committing the first type of offense. "The first way of violating section 69 'encompasses attempts to deter either an officer's immediate performance of a duty imposed by law or the officer's performance of such a duty at

4

some time in the future.' [Citation.] The actual use of force or violence is not required. [Citation.]" (*People v. Smith, supra*, 57 Cal.4th at pp. 240-241, italics omitted.)

In this case, there was substantial evidence defendant attempted to prevent the deputies from performing their law enforcement duties in violation of section 69. Even if defendant did not point or fire his handgun at the deputies, as the trial court described, he still obtained possession of his handgun during the encounter with the deputies. Defendant's handgun was fully loaded with the safety off and was ready to be fired. A rational trier of fact could reasonably deduce this possession and his fumbling with it was threatening and an attempt to deter the deputies, especially because defendant ignored the deputies' peaceful attempts to enter defendant's residence and their instructions to show his hands.

DISPOSITION

The judgment is affirmed.


/S/
_____
Mauro, Acting P. J.

We concur:


/S/
_____
Murray, J.


/S/
_____
Hoch, J.


5