Filed 7/15/21  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

OSCAR VILLARREAL RAMIREZ,

    Defendant and Appellant.

E074428

(Super.Ct.No. INF1600578)

OPINION

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Felicity A. Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Oscar Villarreal Ramirez was convicted of several sex crimes against his niece. His sole contention on appeal is that his five convictions of aggravated sexual assault of a child under 14 by forcible oral copulation must be reversed because the trial court did not instruct the jury on a lesser included offense. For each of those five counts, however, there is no substantial evidence supporting the notion that Ramirez committed only that lesser offense and not the greater, charged offense. Accordingly, we find no error and affirm.[1]

## I. BACKGROUND

The victim, Jane Doe, lived with her maternal grandmother because her mother lived in Mexico and her father was often away from home due to his work as a truck driver. When her grandmother would travel to Mexico on occasion, she would ask Ramirez and his wife (Doe's aunt) to watch Doe and her siblings.

In May 2016, Doe's grandmother needed to go to Mexico, so she arranged for Ramirez and his wife to watch the children. Doe was 11 years old at the time. One of Doe's brothers told the grandmother that Doe did not want to go with Ramirez because he had licked her. The grandmother called the police that day. Shortly thereafter, Doe had a forensic interview and Ramirez was charged.

---

[1] Undesignated statutory references are to the Penal Code.

At trial, Doe testified that the sexual abuse began when she was seven.[2] Once, when Doe was eight years old and about to take a shower at Ramirez's house, Ramirez entered the restroom, removed Doe's pants, placed her "on top of his neck" with her legs around his shoulders, and orally copulated her. When Doe was nine, Ramirez orally copulated her on three occasions. In one incident, while she was sleeping in bed with two of her brothers, Ramirez opened Doe's mouth and put his penis inside, grabbing her feet when she tried to move. He then pulled down Doe's underwear and orally copulated her. Although Doe tried to close her legs, she was not able to because Ramirez was "too strong." In another incident, Doe was sleeping in a bed when Ramirez told her to go to her younger cousin's room to sleep. After she did so and fell asleep, Ramirez picked Doe up, placed her on top of his bed, pulled down her pants and underwear, and orally copulated Doe. In another incident, Ramirez went into Doe's bedroom as she was asleep with her cousin and her brother. Doe had her arms around her brother because she was scared. Ramirez pulled Doe's arms off her brother, removed Doe's pants and underwear, opened her legs despite her attempt to close them, and orally copulated her.

Ramirez testified and denied ever molesting Doe. In his closing argument, he argued that Doe's grandmother was the "matriarch" of the family who was teaching Doe what she "need[ed] to do to be the next controller" of the family, and that the

---

[2] Although Doe testified about several additional incidents, and Ramirez was tried and convicted on 11 counts, we describe only the incidents relating to Ramirez's contentions on appeal.

grandmother "finally got her way to get rid of" Ramirez because she did not want him to be with her daughter, Doe's aunt.

The jury found Ramirez guilty on all charges, which included one count of oral copulation of a child 10 or younger (§ 288.7, subd. (b); count 1), four counts of lewd and lascivious acts against a child under 14 (§ 288, subd. (a); counts 2, 3, 7, and 10), one count of aggravated sexual assault of a child under 14 by rape (§ 269, subd. (a)(1); count 8), and the five counts at issue in this appeal and described above, aggravated sexual assault of a child under 14 by forcible oral copulation (§ 269, subd. (a)(4); counts 4, 5, 6, 9, and 11). In connection with count 8, the court declared a mistrial as to an enhancement allegation that Ramirez kidnapped Doe, and the People later dismissed the allegation. The trial court sentenced Ramirez to 14 years plus 105 years to life, stemming in part from mandatory consecutive terms of 15 years to life on each of the aggravated sexual assault counts. (See § 269, subds. (b)-(c).)

## II. ANALYSIS

Ramirez contends that his five counts of aggravated sexual assault of a child by forcible oral copulation must be reversed because the trial court failed to instruct the jury on a purported lesser included offense. That offense is oral copulation with a child 14 or younger by a person more than 10 years older (§ 287, subd. (c)(1)), which for simplicity we refer to as non-forcible oral copulation of a child.

As we explain, it is doubtful whether non-forcible oral copulation is a lesser included offense of aggravated sexual assault by forcible oral copulation; it does not

4

satisfy the "statutory elements" test, and here it likely does not satisfy the "accusatory pleading" test either.  However, we believe it unnecessary to base our decision on whether the accusatory pleading test has been met and will instead assume for the sake of argument that it does.  Even with that assumption in Ramirez's favor, his contention on appeal still fails, as the "force" necessary to go from non-forcible oral copulation to aggravated sexual assault by forcible oral copulation is "simply the 'use of force sufficient to overcome the victim's will.'"  (*People v. Baker* (2018) 20 Cal.App.5th 711, 728.)  On this record, there is no evidence from which a reasonable jury could find that Ramirez's actions did not involve the use of such force.  We therefore find no error.

"'California law has long provided that even absent a request, and over any party's objection, a trial court must instruct a criminal jury on any lesser offense "necessarily included" in the charged offense, if there is substantial evidence that only the lesser crime was committed.'"  (*People v. Smith* (2013) 57 Cal.4th 232, 239 (*Smith*).)

"'This venerable instructional rule ensures that the jury may consider all supportable crimes necessarily included within the charge itself, thus encouraging the most accurate verdict permitted by the pleadings and the evidence.'  [Citation.]  '[T]he rule prevents either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other.  Hence, the rule encourages a verdict, within the charge chosen by the prosecution, that is neither "harsher [n]or more lenient than the evidence merits."  [Citations.]'  [Citation.]  Thus, 'a trial court errs if it fails to instruct, sua sponte, on all

5

theories of a lesser included offense which find substantial support in the evidence. On the other hand, the court is not obliged to instruct on theories that have no such evidentiary support.'" (*Smith*, *supra*, 57 Cal.4th at pp. 239-240.)

"For purposes of determining a trial court's instructional duties, . . . 'a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.'" (*Smith*, *supra*, 57 Cal.4th at p. 240.)

Here, the statutory elements test does not show that non-forcible oral copulation of a child is a lesser offense of the offenses of conviction. Section 269 defines aggravated sexual assault of the child to mean the commission of certain predicate sex crimes against a child under 14 by someone at least seven years older. (§ 269, subd. (a).) One such predicate crime is oral copulation with a minor "when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person." (§§ 269, subd. (a)(4), 287, subd. (c)(2)(A).) The five counts at issue in this appeal all involved aggravated sexual assault of a child by such means of forcible oral copulation. Non-forcible oral copulation of a child, on the other hand, does not require such force. Instead, it only requires "an act of oral copulation with another person who is under 14 years of age and more than 10 years younger." (§ 287, subd. (c)(1).)

The required age gap between the victim and the perpetrator is less for the greater crime (aggravated sexual assault of a child by forcible oral copulation) than for the purported lesser crime (non-forcible oral copulation of a child). Thus, it is possible for some perpetrators to commit the former without committing the latter. For example, if the victim is 12 and the perpetrator is 20, then the perpetrator will have committed the greater crime, which requires that the victim be at least seven years younger, but not the lesser, which requires a difference of at least ten years. For this reason, the elements needed for non-forcible oral copulation of a child are not necessarily included in the statutory elements needed for aggravated sexual assault of a child by oral copulation.

As for the accusatory pleading test, Ramirez contends that if we were to consider the facts as alleged in both the original felony complaint *and* the first amended information, those allegations would show that the lesser offense is necessarily included in the greater offense here. Count 1 of the first amended information appears to show that Doe was born no earlier than 2002, as it alleges that "on or between February 2, 2012 through February 1, 2016," Ramirez committed the crime of orally copulating a child 10 years or younger. In addition, on the first page of the original felony complaint, the case title states "The People of the State of California, [¶] Plaintiff, [¶] v. [¶] Oscar Vil[l]arreal Ramirez [¶] DOB: 10/05/1983 [¶] Defendant." (Capitalization changed.) Taken together, the fact that Ramirez was born in 1983 and the fact that Doe was born in 2002 or later would necessarily mean that Ramirez is more than 10 years older than Doe.

7

However, there are at least two potential problems with this line of reasoning.  The first is that Ramirez has not presented us with any authority for the proposition that we may look to a previous accusatory pleading when an amended one has been filed, nor have we located any such authority on our own.  There appears to be no good reason, for instance, to view successive pleadings as adding to (but never removing from) the total number of allegations a prosecutor makes, especially when, as was the case here, the first amended information alleged fewer crimes than the original felony complaint.[3]  (See also *Garcia v. Superior Court of Los Angeles County* (2020) 47 Cal.App.5th 631, 647 ["An amended accusatory pleading . . . supersedes the original pleading, which has no further effect."].)  The second reason is that it is unclear whether factual allegations include information stated only in a case title, such as Ramirez's date of birth.

Nevertheless, we will assume without deciding that non-forcible oral copulation of a child is a lesser included offense of aggravated sexual assault of a child by oral copulation.  Even when one offense is a lesser included offense of another, "the court is not obliged to instruct" on lesser included offenses that find no substantial support in the evidence (*Smith*, *supra*, 57 Cal.4th at p. 240), and the record before us shows no substantial support.  (See also *People v. Williams* (1997) 16 Cal.4th 153, 227 ["A trial court must instruct on a lesser included offense 'only if there is substantial evidence to support a jury's determination that the defendant was in fact only guilty of the lesser

[3]  The original felony complaint alleged 23 counts, while the first amended information alleged 11.

8

offense.'"].)  For the reasons below, this evidentiary issue is fatal to Ramirez's contentions on appeal.

Although aggravated sexual assault by forcible oral copulation requires a perpetrator to use force, "[t]he amount of force required is simply the 'use of force sufficient to overcome the victim's will.'"  (*People v. Baker*, *supra*, 20 Cal.App.5th at p. 728.)  For each of the five counts at issue here, Doe's testimony provided evidence that Ramirez used such force by removing Doe's pants, opening her mouth, grabbing her feet when she tried to move, preventing her from closing her legs, removing her underwear, picking her up, removing her pants again, pulling her arms away from her brother, removing her pants and underwear again, and preventing her from closing her legs again.

In contending that reversal on these counts is necessary, Ramirez develops no argument that he orally copulated Doe without the use of sufficient force for aggravated sexual assault on each of these occasions.  At trial, his theory was not that he committed only non-forcible oral copulation of a child as to these counts, but that he did not molest Doe at all, and that Doe and her grandmother may have fabricated the charges because the grandmother did not want her daughter to be with Ramirez.  In his opening brief on appeal, he similarly omits any contention that the evidence shows he committed only non-forcible oral copulation of a child, proceeding from an argument that non-forcible oral copulation of a child is a lesser included offense to an argument that the court's error was prejudicial.  And in his reply brief, Ramirez summarily asserts—without any discussion regarding the level of force necessary or citation to legal authority—that many

of the incidents at issue either "did not appear to involve any force, duress or menace" or "did not show force was used."  "It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party."  (*People v. Tully* (2012) 54 Cal.4th 952, 1075.)  Additionally, "[i]f a party's briefs do not provide legal argument and citation to authority on each point raised, '"the court may treat it as waived, and pass it without consideration."'"  (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 363.)  But in any event Ramirez appears to be using the term "force" in the minimalist way it is defined for purposes of the offense of conviction.  All told, Ramirez has not shown us why a jury could have concluded he committed only the lesser offenses here.  Moreover, as discussed above, our review of the record reveals no support for such an argument.

We find that there was no substantial evidence that would have supported a conviction on only the purported lesser included offense.  Even if non-forcible oral copulation of a child were a lesser included offense of aggravated sexual assault of a child by forcible oral copulation, the court would not have been obligated to instruct on non-forcible oral copulation.  Ramirez therefore has demonstrated no error.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL

J.

10

We concur:

CODRINGTON
          Acting P. J.

SLOUGH
               J.