Filed 6/8/26  P. v. Green CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085512 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF006108) |
| COREY GREEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, William D. Lehman, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Donald W. Ostertag and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Corey Green of two counts of resisting an executive officer.  (Pen. Code, § 69; counts 3-4.)  Green contends insufficient evidence supports the jury's findings that correctional officers Andrew Garvey and

Joseph Castro acted in the lawful performance of their duties because in his view, the officers used unreasonable force against him. We conclude substantial evidence supports the jury's findings. We therefore affirm.

I.

In December 2020, Green was serving a prison sentence. He became agitated with a prison correctional officer and refused the officer's orders. Then, after the officer told Green to stop and put his hands behind his back, Green instead dashed into his cell. The officer testified to being worried that Green intended to retrieve something to attack the officer with or to dispose of contraband. Inmates are subject to search at any time, so after closing Green's cell, the officer ordered Green to put his hands through an opening to be handcuffed. Green refused. He covered the cell windows, blocking the light and the officers' view into his cell. Officers attempted to deescalate the situation by allowing Green to cool down while talking to him through his cell door. After approximately one hour, however, Green became unresponsive.

Multiple officers testified that, when Green would not respond, they needed to ensure he was safe. As a result, four correctional officers, including Garvey and Castro, lined up behind a shield to enter Green's cell. When they opened the cell door, Green was standing in a "fighting stance." The first officer in the line ordered Green to come out of his cell, but Green refused. Green tried to punch the officers and pull away their shield as they stepped toward him. The officers tackled Green onto his bunk to secure him, using their shield to pin Green down. Green kicked his legs until the officers restrained him with handcuffs and leg irons. Once restrained, Green stopped fighting the officers and agreed to walk out of his cell on his own. Garvey and Castro were both injured in the scuffle.

Green testified, among other things, the extraction was in retaliation for filing grievances against prison staff for harassment.

## II.

Green was charged with "knowingly resist[ing] by the use of force and violence" Garvey and Castro in the performance of their duties. (§ 69.) A necessary element of the offense is that "the officer was acting lawfully at the time of the offense." (*People v. Smith* (2013) 57 Cal.4th 232, 241.) "An officer using excessive force is not acting lawfully." (*People v. Sibrian* (2016) 3 Cal.App.5th 127, 133.)

In reviewing for sufficiency of the evidence, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Accordingly, we ask whether the evidence supporting each essential element is substantial, meaning it is "reasonable, credible, and of solid value." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) "We do not reweigh the evidence, resolve conflicts in the evidence, or reevaluate the credibility of witnesses." (*People v. Jacobo* (2019) 37 Cal.App.5th 32, 42.) If substantial evidence exists to justify the findings, we may not reverse the judgment even if we believe the facts could also be reconciled with a contrary finding. (*People v. Valdez* (2004) 32 Cal.4th 73, 104.)

Green argues insufficient evidence shows the officers acted lawfully because the need for a safety check vanished once they opened the cell door and the resulting force they applied was thus unreasonable. According to Green, "[t]here was no necessity to throw their weight around by gang tackling " him. His argument, however, overlooks evidence Green was physically combative with the officers when they opened his cell door. Among

other evidence, Green continued to refuse orders to come out of his cell and tried to punch the officers. Based on this evidence, the jury could reasonably conclude the officers' actions to restrain Green were not unreasonable or excessive. Thus, substantial evidence supports finding that Garvey and Castro were acting lawfully at the time of the offenses.

## III.

We affirm.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.

4