Filed 11/27/13  P. v. Moore CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ELLIE MOORE,<br><br>    Defendant and Appellant. | 2d Crim. No. B247649<br>(Super. Ct. No. MA054317-01)<br>(Los Angeles County) |

Charles Ellie Moore appeals his conviction, by jury, of five counts of committing a lewd act upon a child under 14 years of age.  (Pen. Code, § 288, subd. (a).)[1]  The trial court sentenced appellant to a term of 75 years to life in state prison.  Appellant contends the trial court erred when it refused to instruct the jury on battery as a lesser included offense of lewd acts.  The question of whether battery qualifies as a lesser included offense of lewd acts is currently pending before our Supreme Court in *People v. Shockley*, review granted March 16, 2011, S189462.  This appeal does not, however, depend on the resolution of that issue.  Because there was no substantial evidence appellant committed batteries rather than lewd acts, the trial court had no obligation to instruct on battery, regardless of whether it qualifies as a lesser included offense of lewd acts.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

*Facts*

The victims here are S. M., A. S., Megan B. and Cara S. S. and A. are appellant's granddaughters. Megan and Cara were students at a private school where appellant worked as a math and computer science teacher. Appellant molested S. in 2011, when she was six years old. He molested A. in about 2002, when she was 11 or 12 years old. The crimes against Megan and Cara occurred between 2001 and 2002, when they were in the sixth, seventh and eighth grades.

S. testified that she was watching television and reading books with appellant early one morning when he put his hand under her nightgown and underwear and touched her "private." When she told him to stop, appellant said, "Okay," but he touched her again. Appellant kept touching S. until she told him to stop a third time. He said that what happened had been an accident. As soon as S.'s father, Vincent, got home, S. told him that appellant had touched her "pee-pee." Vincent called S.'s mother, Jennifer, who was at work. Jennifer came home and made a video recording of S. describing the incident.[2]

Appellant and his wife, Jennifer's mother, had been staying in their mobile home at Vincent and Jennifer's house. Vincent and Jennifer asked them to leave and they did. S.'s parents reported the incident to police about five days later, after discussing their options with their pastor, a counselor and some friends who are police officers.

While investigating the incident, Los Angeles Police Detective Susan Velasquez discovered that appellant had committed unreported lewd acts on the other three girls. A., who was 21 at the time of appellant's trial, testified that appellant touched her vagina one time, while they were having a "tickle fight." They were alone in the house at the time. A. told her mother, appellant's daughter Margo, about the incident as soon as Margo got home. Appellant told Margo that A. was blowing everything out of proportion and that any touching had been an accident.

---

[2] Jennifer testified that she made the video so that S. would not have to keep talking about the incident while it was being investigated.

Megan B. was 23 years old when she testified at appellant's trial. She was his student for math and computers from sixth through eighth grade. Appellant bought her candy from the school store and loaned her money to buy candy. One day when she was in the sixth grade, she was alone with appellant after school. Appellant called Megan over to his desk, unbuttoned his shirt and put her hand on his chest, showing her a scar from an earlier surgery. Appellant then put his hands on Megan's stomach and breasts, touching her under her bra. Megan told no one about the incident.

One or two years later, Megan approached appellant for help with an assignment. He touched her knee under her dress and then moved his hand up her leg and rubbed her vagina under her underwear. That evening, Megan told her mother what had happened. They reported the incident to school administrators but not to police. Appellant was fired shortly thereafter.

Cara S., also 23 at the time of trial, was another of appellant's students at the private school. She testified that one day after class, appellant put his hands under her shirt and touched her breasts. She did not report the incident to police.

Appellant testified that he never deliberately touched the girls' breasts or vagina. Megan asked to touch the scar from his heart transplant operation, so he let her. He also occasionally hugged Megan and may have accidentally touched her breasts at that time. Appellant testified he never touched Megan's vagina. Appellant admitted that he hugged Cara one day because she was upset. He did not touch her breasts intentionally, although he may have touched them accidentally during the hug.

Appellant testified that the incidents with A. and S. were also accidents. He may have touched A.'s vagina accidentally during their tickle fight, because she was squirming around a lot. S. had been sitting on his lap. He picked her up to move her, and his hand may have accidentally touched her vagina.

*Discussion*

Appellant contends the trial court erred when it refused to instruct the jury on battery (§ 242) as a lesser included offense of the charged offense, lewd acts on a child under 14 years of age. (§ 288.) There was no error because no substantial evidence

3

supported a battery instruction, even if battery qualifies as a lesser included offense of the charged crime.

A trial court has a duty to instruct the jury on all theories of a lesser included offense which find substantial support in the evidence. (*People v. Smith* (2013) 57 Cal.4th 232, 239.) " 'To justify a lesser included offense instruction, the evidence supporting the instruction must be substantial -- that is, it must be evidence from which a jury composed of reasonable persons could conclude that the facts underlying the particular instruction exist.' " (*People v. Souza* (2012) 54 Cal.4th 90, 116, quoting *People v. Blair* (2005) 36 Cal.4th 686, 745.) The evidence must be sufficient to permit a jury of reasonable people to conclude that the lesser offense was committed, but not the greater. (*People v. Wyatt* (2012) 55 Cal.4th 694, 704; see also *People v. Avila* (2009) 46 Cal.4th 680, 705.) "[T]he court is not obliged to instruct on theories that have no such evidentiary support." (*People v. Breverman* (1998) 19 Cal.4th 142, 162.)

Appellant was charged with having committed lewd acts on children under 14 years of age, in violation of section 288. " ' "[A]ny touching" of an underage child committed with the intent to sexually arouse either the defendant or the child' establishes a section 288 violation." (*People v. Murphy* (2001) 25 Cal.4th 136, 145-146, quoting *People v. Martinez* (1995) 11 Cal.4th 434.) Battery is a general intent crime which "requires that the defendant actually intend to commit a 'willful and unlawful use of force or violence upon the person of another.' [Citations.] In this context, the term 'willful' means 'simply a purpose or willingness to commit the act . . . .' (§ 7, subd. 1.)" (*People v. Lara* (1996) 44 Cal.App.4th 102, 107.)

Even if battery qualifies as a lesser included offense of lewd acts, the evidence here would not have supported an instruction on it. The victims described intentional, lewd touching by appellant. Appellant testified that he intended to lawfully touch the victims -- by hugging Megan and Cara, picking up S., and tickling A. -- but then accidentally also touched their vaginas or breasts. He denied touching Megan's vagina at all. This evidence provides no support for a battery instruction. The intentional touching described by appellant did not involve the use of force or violence and was not,

4

therefore, battery. Accidental touching is not "willful" and thus cannot constitute battery. Appellant's testimony provided no evidentiary basis upon which a reasonable juror could find that he committed battery but did not commit a lewd act. (*People v. Breverman, supra,* 19 Cal.4th at p. 162.) As a consequence, the trial court did not err when it declined to instruct the jury on battery as a lesser included offense.

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

5

Kathleen Blanchard, Judge

Superior Court County of Los Angeles

_____

Vanessa Place, under appointment by the Court of Appel, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Jonathan J. Kline, Deputy Attorney General, for Plaintiff and Respondent.