Filed 3/2/16  P. v. Vales CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B259765 |
| Plaintiff and Respondent, | (Super. Ct. No. 2013014769) |
| v. | (Ventura County) |
| ANGEL JOSEPH VALES, | |
| Defendant and Appellant. | |

Appellant Angel Joseph Vales forced his 80-year-old father to drive him to the beach to meet a friend.  During the drive and the return trip home, appellant physically attacked father.  The abuse continued at home.  Appellant grabbed his 86-year-old mother when she tried to summon help.  Appellant was convicted by a jury on eight criminal offenses resulting in a four-year prison term.  He contends the trial court erred by failing to instruct the jury sua sponte on the lesser included misdemeanor versions of felony false imprisonment and felony elder abuse and by imposing rather than staying his sentences on counts 2 and 5.  (Pen. Code, § 654).[1]  We modify and affirm the judgment.

---

[1] Appellant was convicted on count 1 (false imprisonment, § 368, subd. (f)); counts 2 & 4 (battery on an elder, § 243.25); count 3 (felony elder abuse, § 368, subd. (b)(1)); count 5 (misdemeanor elder abuse, § 368, subd. (c)); count 6 (failure to obey a court order, § 166, subd. (4)); and counts 7 & 8 (resisting, obstructing, delaying of a peace officer, § 148, subd. (a)(1)).

FACTUAL AND PROCEDURAL BACKGROUND

Appellant lived with his parents, Ramon and Josefina, in Santa Paula despite a protective order barring him from their residence. On May 8, 2013, late at night, Ramon was already in bed when appellant "demand[ed]" a ride from him to a location near the beach to meet appellant's friend. Ramon agreed to avoid an argument.

During the drive, appellant yelled at Ramon and "aggressively" insulted him with "derogatory" and "words that are bad." He hit Ramon's chest and arm "with a closed fist." When Ramon tried to "get off the road" to ask for help, appellant grabbed the steering wheel, moved it, and prevented Ramon from pulling over. Ramon drove "erratically" and was afraid that he would crash. He stopped the truck in the middle of an intersection facing oncoming traffic "to get a passer-by's attention," but no one came to his aid. Appellant "grabbed" Ramon's legs and arms when he tried to exit the truck. He held onto Ramon's arm, told him to stay in the truck and "keep on driving and go fast." Appellant threatened to stop Ramon's heart with "with one blow" to his chest and to wrap a plastic bag around Ramon's neck. Upon arrival at the beach, appellant took the truck keys from Ramon to "prevent him from leaving the area" and returned the keys after meeting his friend. He continued to hit Ramon during the drive back home. When they arrived at home, appellant got out of the truck and walked toward the house. He returned to the truck and continued to argue with Ramon and to hit him. He struck Ramon's legs, nearly causing him to fall.

Josefina came out of the house after hearing appellant's shouts. She gave Ramon a glass of water that he had requested. Appellant took it away from him and threw the water in Ramon's face. Josefina "got scared and nervous." Appellant grabbed Josefina by her wrist when she tried to run for help. She was able to get away from appellant. She found highway patrol officers nearby who

2

accompanied her home. Police officers saw a small cut on Ramon's upper lip. A few days later, Ramon saw bruises on his arms and irritation on his chest.

DISCUSSION

*Lesser Included Offense Instructions*

Appellant contends that the trial court erred by failing to instruct the jury, sua sponte, on the lesser included offenses of felony false imprisonment of an elder and felony elder abuse. We disagree.

A trial court has a duty to instruct on the general principles of law closely and openly connected with the facts before the court, including possible instructions on uncharged lesser included offenses. (*People v. Smith* (2013) 57 Cal.4th 232, 239.) It "must instruct on a lesser included offense if substantial evidence exists indicating that the defendant is guilty only of the lesser offense." (*People v. Manriquez* (2005) 37 Cal.4th 547, 584.) "[S]ubstantial evidence must exist to allow a reasonable jury to find that the defendant is guilty of a lesser but not the greater offense." (*People v. Valdez* (2004) 32 Cal.4th 73, 116.)

"In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight." (*People v. Breverman* (1998) 19 Cal.4th 142, 177.) In a noncapital case, the error in failing to instruct on a lesser included offense is reviewed for prejudice under the harmless error standard. (*Id.*, at pp. 149, 164; *People v. Watson* (1956) 46 Cal.2d 818, 836.) Reversal is warranted under that standard if "it appears 'reasonably probable' the defendant would have achieved a more favorable result had the error not occurred." (*Ibid.*)

"False imprisonment is the unlawful violation of the personal liberty of another." (§ 236.) "[F]alse imprisonment of an elder or a dependent adult by the use of violence, menace, fraud, or deceit" is a felony. (§ 368, subd. (f).)

3

Similarly, the use of violence, menace, fraud, or deceit elevates false imprisonment to a felony. (§ 237, subd. (a); *People v. Castro* (2006) 138 Cal.App.4th 137, 140.)[2]

Misdemeanor false imprisonment is a lesser included offense of section 237 felony false imprisonment because the elements of that misdemeanor are also elements of that felony. (*People v. Babich* (1993) 14 Cal.App.4th 801, 806.) Misdemeanor false imprisonment of an elder is a lesser included offense of section 368, subdivision (f) felony false imprisonment of an elder because the elements of that misdemeanor are also elements of that felony. "Misdemeanor false imprisonment becomes a felony only where the force used is greater than that reasonably necessary to restrain someone." (*People v. Hendrix* (1992) 8 Cal.App.4th 1458, 1462.) "In such circumstances the force is defined as 'violence,' with the false imprisonment effected by such violence a felony." (*Ibid.*) As used in section 237, the "menace" which elevates false imprisonment to a felony means the verbal or physical threat of harm. (*People v. Matian* (1995) 35 Cal.App.4th 480, 485-486.) We apply the same meanings to section 368, subdivision (f) false imprisonment of an elder, which also constitutes a felony where the defendant uses violence or menace.

The trial court was not required to instruct the jury sua sponte that misdemeanor false imprisonment of an elder is a lesser included offense of felony false imprisonment of an elder because there was not substantial evidence that appellant was guilty only of the misdemeanor. (*People v. Manriquez*, *supra*, 37 Cal.4th at p. 584.) The false imprisonment was necessarily a felony because

_____

[2] "Any person who commits the false imprisonment of an elder or a dependent adult by the use of violence, menace, fraud, or deceit is punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years." (§ 368, subd. (f).) "If the false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment pursuant to subdivision (h) of Section 1170." (§ 237, subd. (a).) "False imprisonment of an elder or dependent adult by use of violence, menace, fraud, or deceit shall be punishable as described in subdivision (f) of Section 368." (§ 237, subd. (b).) The elements of section 368, subdivision (f) felony false imprisonment of an elder include all the elements of felony false imprisonment in violation of sections 236 and 237, subdivision (b).

4

appellant used violence and menace to commit the crime. While Ramon drove the truck, appellant struck his chest and arm; when Ramon tried to stop the truck, appellant grabbed the steering wheel. When Ramon tried to leave the truck to seek help, appellant grabbed his arms and legs and ordered him to stay in the truck. Appellant's distracting conduct caused Ramon to drive so erratically that he feared he would crash. As Ramon drove, appellant said he would stop Ramon's heart "with one blow to [his] chest," and threatened to wrap a plastic bag around his neck. On the way home from the beach, he hit Ramon with a closed fist.

We also reject appellant's claim that the trial court erred by failing to instruct the jury sua sponte on misdemeanor elder abuse as a lesser included offense of felony elder abuse. "Misdemeanor elder abuse is a lesser included offense of felony elder abuse." (*People v. Racy* (2007 148 Cal.App.4th 1327, 1334.) "[T]he difference between felony elder abuse and misdemeanor elder abuse is whether the abuse is perpetrated 'under circumstances or conditions likely to produce great bodily harm or death.' If it is, the crime is a potential felony. (§ 368, subd. (b)(1).) If it is not, the crime is a misdemeanor. (§ 368, subd. (c).)" (*Ibid*.) There is substantial evidence that appellant perpetrated elder abuse under conditions likely to produce great bodily harm or death. Thus, the crime was a felony. (§ 368, subd. (b)(1).) There was not, however, substantial evidence to support misdemeanor elder abuse because no reasonable jury could find that appellant committed the abuse under circumstances or conditions *other than* those "likely to produce great bodily harm or death." (*Id.*, at subd. (c), italics added.) Absent substantial evidence to support the misdemeanor, the court did not err by failing to instruct the jurors on that crime and the lack of the instruction is harmless. (*People v. Manriquez*, *supra*, 37 Cal.4th at p. 584; *People v. Breverman*, *supra*, 19 Cal.4th at pp. 162, 149.)

*Section 654*

Appellant contends that the trial court ignored the section 654 prohibition against punishing a defendant for crimes that shared the same objective by imposing separate sentences for count 2 (battery of an elder) and count 3 (felony

5

elder abuse). (Ramon is the victim of counts 2 and 3.) Appellant further contends that the court violated section 654 by imposing separate sentences for count 4 (battery of an elder) and count 5 (misdemeanor elder abuse). (Josefina is the victim of counts 4 and 5.) We reject the first contention but agree that section 654 bars separate punishment for counts 4 and 5.

Section 654, subdivision (a) provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." The statute prohibits punishment for two crimes arising from a single, indivisible course of conduct. (*Ibid.*; *People v. Correa* (2012) 54 Cal.4th 331, 336.) Where, however, the defendant harbored "multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct." (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 267-268.) Whether a single course of conduct is divisible into different offenses based on separate intents and objectives is a question of fact for the trial court, and its express or implied findings will be upheld on appeal when they are supported by substantial evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

The trial court sentenced appellant to serve 120 days for count 2 (battery of an elder) concurrently with a one-year sentence for count 3 (felony elder abuse). Appellant claims that section 654 required the court to stay his count 2 elder battery sentence because there was a single objective (to abuse an elder) for that crime and the count 3 felony elder abuse. The record belies his claim. While Ramon was driving the truck, appellant committed the felony elder abuse (count 3) and battery (count 2) with the objective of obtaining transportation. That objective was achieved when they returned to Ramon's house. Appellant left the truck, and started to go inside. He then returned to Ramon and struck him with enough force

6

that Ramon nearly fell, and also threw a glass of water in his face. The evidence supports the court's implicit finding that the batteries appellant committed at Ramon's home did not share the same objective, time or location with the crimes he committed earlier, while Ramon was driving. (*People v. Jones*, *supra*, 103 Cal.App.4th at p. 1143.) Imposing separate punishments for counts 2 and 3 comports with the section 654 purpose of ensuring "a defendant's punishment will be commensurate with his culpability." (*People v. Correa*, *supra*, 54 Cal.4th at p. 341.)

Appellant argues that the trial court violated section 654 by sentencing him to serve 120 days for counts 4 and 5 to run concurrently because both crimes arose at the same time and place, with "an objective to commit battery against an elder." Respondent concedes the error. We agree that count 4 (battery of an elder) and count 5 (misdemeanor elder abuse) are based on the same conduct.

## DISPOSITION

We modify the judgment to stay execution of sentence for count 5 (misdemeanor elder abuse). The trial court is directed to amend the abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.


7

Manuel J. Covarrubias, Judge

Superior Court County of Ventura
_____

Linda L. Currey, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, Toni R. Johns Estaville, Deputy Attorney General, for Plaintiff and Respondent.