Filed 2/1/21  P. v. Connolly CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>MICHAEL ROBERT CONNOLLY, JR.,<br><br>   Defendant and Appellant. | F080036<br><br>(Super. Ct. No. CRF58700)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Lindsey K. Terry, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Appointed counsel for defendant Michael Robert Connolly, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On December 21, 2018, at about 7:00 p.m., defendant and another man were drinking whiskey on a bench outside a store. They were yelling loudly in an almost confrontational manner. An off-duty officer observed the scene and called dispatch. Deputy Sheriff Shane Daniel Tholcke arrived and approached the two men. He asked defendant for identification, and defendant told him, " 'F*** you.' " When Tholcke asked defendant if he had any weapons, he answered, " 'Yeah, I have a straight knife on me, I'm going to slit your f***ing throat.' " Tholcke asked defendant to stand up, and he again said, " '[F]*** you.' " Tholcke grabbed defendant's wrist while defendant held onto the bench. Tholcke eventually freed defendant from the bench and swept him onto the ground, but he continued to resist. The off-duty officer assisted Tholcke in handcuffing defendant, and the two officers moved him into a safe position so his breathing was not restricted. Tholcke called an ambulance because defendant had suffered a cut over his eyebrow when he landed on the ground. Tholcke searched defendant and found no knife. When the ambulance arrived, defendant was verbally belligerent and combative toward the ambulance staff. Ultimately, Tholcke had to take defendant to the hospital because it was unsafe for the ambulance to transport him.

On December 26, 2018, the Tuolumne County District Attorney charged defendant with felony resisting a police officer (Pen. Code, § 69;[1] count 1).

---

[1] All statutory references are to the Penal Code.

On January 25, 2019, defendant waived a preliminary examination, and the complaint was deemed an information.

On July 31, 2019, after the prosecutor rested, defendant unsuccessfully moved for an acquittal pursuant to section 1118.1. Defendant then testified in his own defense, claiming he was not the perpetrator and was not present during the crime. He testified: "No, I'm not that individual, and I have a phone recording of that arrest and that individual that was arrested can prove that." Neither the prosecutor nor defense counsel had heard of this recording. The jury was cleared from the courtroom, and defendant told the trial court he would be glad to provide the recording. The court told defendant to go ahead and play it for the court. Defendant explained that he would need at least the rest of the afternoon to provide it. Defense counsel informed the court that his office told defendant to provide everything before the trial began. The court refused to delay the trial, telling defendant he knew trial was occurring today and he should have provided everything necessary. The court struck all references to the video. When testimony resumed, defendant again denied the events and his participation in them.

On cross-examination, the prosecutor introduced a photograph and asked defendant about it. Defendant identified it as a photograph of his driver's license. He then produced his driver's license from his pocket and confirmed there were no differences; it was "definitely a picture of [his] driver's license."

The prosecutor reopened and recalled Tholcke, who testified that after arresting defendant that evening, he found defendant's driver's license in his pocket. Tholcke explained that the photograph admitted into evidence was the photograph he took that evening of defendant's driver's license. Tholcke had no doubt defendant was the person he encountered that evening.

Outside the presence of the jury, the parties discussed jury instructions. Defense counsel requested instruction on the lesser included offense of a section 148, subdivision (a)(1) (section 148(a)(1)) violation, which the court denied.

3.

The jury found defendant guilty as charged.

On September 9, 2019, the trial court sentenced defendant to a two-year split sentence, as requested by defense counsel, one year to be served in county jail and one year to be served under mandatory supervision.

On September 23, 2019, defendant filed a notice of appeal.

## DISCUSSION

When defense counsel requested that the trial court instruct the jury on section 148(a)(1) as a lesser included offense of section 69, the prosecutor responded that she was pursuing a conviction under the first of two ways that an offense under section 69 could be committed, which was different from section 148(a)(1) and did not qualify as a lesser included offense. She requested only CALCRIM No. 2651, and not CALCRIM No. 2652. The trial court agreed.

We also agree that under these circumstances, a section 148(a)(1) violation did not constitute a lesser included offense of section 69 requiring instruction. (See *People v. Smith* (2013) 57 Cal.4th 232, 240–245; *People v. Kruse* (2020) 56 Cal.App.5th 1034, 1046–1051.)

After reviewing the record, we find no arguable issue on appeal that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.