Filed 5/14/24  P. v. McKinney CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRANDON ERNEST MCKINNEY,<br><br>     Defendant and Appellant. | 2d Crim. No. B324530<br>(Super. Ct. No. 19F-06132)<br>(San Luis Obispo County) |

Brandon Ernest McKinney appeals from a judgment following a trial at which the jury found him guilty of battery by a prisoner of a non-prisoner (Pen. Code[1], § 4501.5; count 2) and resisting an executive officer (§ 69; count 3).  Appellant contends the trial court prejudicially erred by failing to instruct on the lesser included offense of simple assault (§ 240) as to count 3.  We will affirm.

---

[1] All undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2019, Jane Doe was a recreational therapist for mentally ill inmates at the California Men's Colony (CMC). As Doe prepared for a therapy group in a T.V. room, she saw appellant coming toward her. Before Doe could ask any questions, appellant pressed his body up against hers, pushed her against the wall, put his open mouth over her mouth and face, and moved his hands on her shoulders and upper body. Doe could not reach her personal alarm device or whistle because of how appellant's body was pressed against hers. Doe tried to scream, but appellant put his mouth over hers. Eventually, Doe bent her head so she could scream. Doe kept trying to push appellant off her, but he continued to push her hard against the wall. Appellant and Doe slid down the wall onto the ground, and appellant got on top of Doe.

Moments earlier, Correctional Officer Nicholas Mines had opened a gate when he saw appellant running toward him. Officer Mines backed up from the gate because he did not want appellant to charge him; he ordered appellant to get down several times. Appellant disobeyed and ran to the T.V. room. Officer Mines saw appellant grab Doe and force her to the ground. Appellant was on top of Doe, kissing her face and neck.

Officer Mines grabbed appellant by the back of his shirt and pants to pull him off Doe. Officer Mines forced appellant to the ground face down in a prone position. Appellant was thrashing and resisting, so Officer Mines put his knee into appellant's lower back area and put his hands on appellant's shoulders. Despite Officer Mines's orders to stop resisting and submit to handcuffs, appellant continued to resist by thrashing his hands and body, as well as kicking his legs. Appellant was trying to bring his hands underneath his body to push himself off the ground.

Correctional Officer Regino Delgadillo was on the third floor when he heard a woman yelling for help. Officer Delgadillo ran to the T.V. room and saw Officer Mines grab appellant, pull him off Doe, and put him on the ground. Doe stood up and ran to Officer Delgadillo.

Correctional Officer Allan Cook was on the first floor when he heard a woman scream loudly from the second floor. Officer Cook ran to the T.V. room and saw Officer Mines pulling appellant off Doe. Officer Cook grabbed appellant's arms and tried to handcuff him, but appellant resisted by moving his upper body.

Correctional Officer Charlie Mohammed responded to the T.V. room after hearing a Code 1 call over institutional radio. When Officer Mohammed arrived, he saw Officers Mines and Cook trying to control appellant. Appellant was moving his upper body backwards in an effort to stand up and break free, so Officer Mohammed put his hand and knee on appellant's upper body. Officer Cook handcuffed appellant, but he kept trying to thrash and lift himself up. Officer Mines put appellant's legs in a crisscross position to prevent him from kicking and resisting. Officer Mohammed placed a spit hood on appellant, who was bleeding from his head. Officer Mohammed then heard appellant say, "I just wanted to have sex with her."

Correctional Officer Carlos Martinez also responded to the Code 1 call. Officer Martinez saw Officers Cook and Mines struggling with appellant, who was thrashing his body. Officer Martinez applied leg restraints. Appellant resisted despite being commanded to stop. Officer Martinez did not hear appellant say anything during the incident.

Psychiatric technician Joseph Ndanganga evaluated appellant after the incident. Ndanganga observed bruising or discoloration, swelling, abrasions, and dried blood on appellant's

facial area. Ndanganga described an abrasion as a superficial scrape or cut.

Appellant did not testify but presented evidence of his mental condition. Dr. Patricia Khoo was appellant's treating psychiatrist between May and June of 2018 and between February and April of 2019. Appellant was diagnosed with schizoaffective disorder. In June 2018, Dr. Khoo was treating his auditory hallucinations with medication. On April 4, 2019, Dr. Khoo noted that when appellant returned to CMC earlier in 2019, he was not on an antipsychotic. Dr. Khoo prescribed antipsychotic and antidepressant medication on April 4.

Dr. Mary Jane Alumbaugh reviewed appellant's medical and prison history, and she interviewed him in March 2022. Dr. Alumbaugh saw no evidence of appellant feeling better or less distressed between the time antipsychotic medication was restarted in early April 2019 and the April 18, 2019, incident. Dr. Alumbaugh concluded appellant was suffering from schizoaffective disorder that day. She opined appellant was in an irrational, psychotic state when he ran into the dayroom and kissed Doe, and he was in the thrall of a command hallucination he had to obey.

The jury convicted appellant of battery by a prisoner of a non-prisoner (count 2) and resisting an executive officer (count 3). The jury hung on count 1, assault with intent to commit rape (§ 220, subd. (a)(1)), and the court declared a mistrial on that count. Appellant, who had pled both not guilty and not guilty by reason of insanity, agreed to withdraw the insanity plea as to counts 2 and 3 in exchange for the People not seeking retrial on count 1. Appellant admitted two strike prior convictions. On count 2, the court sentenced appellant to the low term of two years, doubled to four years pursuant to the strike priors. On

4

count 3, the court sentenced appellant to the low term of 16 months to be served concurrently.

## DISCUSSION

Appellant contends the trial court prejudicially erred by failing to instruct the jury on the lesser included offense of simple assault for count 3. We disagree.

"'[A] trial court must instruct a criminal jury on any lesser offense "necessarily included" in the charged offense, if there is substantial evidence that only the lesser crime was committed.'" (*People v. Smith* (2013) 57 Cal.4th 232, 239.) "'Substantial evidence in this context is evidence from which a reasonable jury could conclude that the defendant committed the lesser, *but not the greater*, offense.'" (*People v. Landry* (2016) 2 Cal.5th 52, 96.) "'We apply the independent or de novo standard of review to the failure by the trial court to instruct on an assertedly lesser included offense.'" (*People v. Licas* (2007) 41 Cal.4th 362, 366.)

"'[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.'" (*People v. Smith*, *supra*, 57 Cal.4th at p. 240.) Here, simple assault was a lesser included offense of section 69 under the accusatory pleading test because the information charged appellant with "knowingly resist[ing] by the use of force and violence . . . ." (See *People v. Brown* (2016) 245 Cal.App.4th 140, 153 [concluding simple assault was a lesser included offense of section 69 given a similar pleading] (*Brown*).)

Nevertheless, the trial court did not err because the record lacks substantial evidence to support an instruction on the lesser included offense of simple assault. If a law enforcement officer uses unreasonable or excessive force, a defendant who responds

with unreasonable or excessive force can be convicted of section 240 simple assault, but not of section 69 resisting an executive officer. (See *Brown*, *supra*, 245 Cal.App.4th at p. 154; see also *People v. White* (1980) 101 Cal.App.3d 161, 168.) Here, however, there is no evidence from which a reasonable jury could conclude any officer used excessive or unreasonable force.[2]

The officers who used force responded to a serious incident in which appellant forced himself upon Doe. Appellant then got on top of Doe before Officer Mines grabbed him by the back of his shirt and pants to pull him off Doe. Doe's safety undoubtedly warranted this initial use of force.

After forcing appellant to the ground, Officer Mines used his hands and knees to secure appellant's shoulders and back. Despite orders to submit, appellant continually resisted. Appellant's resistance justified the officers' holding of appellant's back, shoulders, arms, and legs. Ultimately, the officers applied handcuffs and leg restraints. Appellant suffered only minor injuries, which was unsurprising given appellant's sustained resistance and does not indicate excessive or unreasonable force. In sum, no reasonable jury could conclude any officers used excessive or unreasonable force, and substantial evidence did not support a simple assault instruction.

*Graham v. Connor* (1989) 490 U.S. 386 (*Graham*), upon which appellant relies, does not alter this conclusion. There, the U.S. Supreme Court held that, in the Fourth Amendment context, evaluating a particular use of force in effecting a seizure "requires careful attention to the facts and circumstances of each

---

[2] Ultimately, the prosecution pursued the section 69 count only as to Officer Mines. However, because the officers' use of force overlapped and for the sake of completeness, we consider all involved officers' conduct.

6

particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." (*Id*. at p. 396.)

Assuming *Graham* applies here, the enumerated factors show the officers' force was reasonable. The crime appellant committed against Doe was significant. Appellant actively resisted detention by thrashing and trying to stand up. And appellant's conduct toward both Doe and the officers illustrated the ongoing threat he posed. Appellant claims there is no indication of a threat to Officer Mines once he "forced appellant to the ground in a prone position and pressed his face down into the ground." However, Officer Mines did not testify that he pressed appellant's face into the ground. Rather, after pulling appellant off Doe, Officer Mines forced appellant onto the ground in a face down prone position. Given appellant's resistance, Officer Mines put his knee into appellant's lower back and his hands on appellant's shoulders. Fundamentally, until appellant was fully restrained, he posed a threat because he could have struck the officers or escaped their grasp. The officers' use of force prevented those outcomes from transpiring, but their potential justified that force in the first instance.

Appellant's reliance on *Brown*, *supra*, 245 Cal.App.4th 140, is misplaced. In *Brown* there was evidence the defendant's fractured rib and knots on his head were caused by officers striking him after he stopped fleeing and resisting arrest. (*Id*. at pp. 146-147.) The Court of Appeal concluded a simple assault instruction was required because the conflicting accounts could allow the jury to find the defendant "used excessive force or violence to resist arrest only in response to the officers' unreasonable force." (*Id*., at p. 154.)

*Brown* sharply departs from the facts here. Neither appellant nor any other witness testified the officers attacked him unprovoked. Moreover, the officers in this case did not strike appellant with their fists or knees; appellant sustained relatively minor facial injuries.

Finally, appellant argues that while section 69 contains a knowledge requirement making relevant his mental condition, "there is no knowledge requirement for simple assault, [and] this added to the necessity of including the lesser included offense instruction." But simple assault does require "actual knowledge of those facts sufficient to establish that the offending act by its nature would probably and directly result in physical force being applied to another." (*People v. Williams* (2001) 26 Cal.4th 779, 784.) We fail to see how this knowledge requirement would necessitate a lesser included instruction. Appellant's mental condition did not negate the officers' need to subdue him, nor did it render their use of force unreasonable or excessive.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

Craig B. Van Rooyen, Judge
Superior Court County of San Luis Obispo

_____

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Kristen J. Inberg, Deputy Attorney General, for Plaintiff and Respondent.