Filed 8/6/24  P. v. Khamo CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082469 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE413435) |
| CHASSAQ GEORGE KHAMO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Chassaq George Khamo guilty of assault (Pen. Code,[1] § 245, subd. (a)(4)) and misdemeanor vandalism (§ 594, subd. (a)(b)(2)(A)). Khamo contends on appeal that the trial court prejudicially erred because it failed to instruct the jury that the victim, H.T., was testifying under a grant of immunity. We disagree and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

One evening in 2022, H.T. sat in his truck and shot pellets at pigeons perched on an electrical wire. Khamo, who had been feeding the pigeons for years, approached H.T.'s truck with another man, S.M., to confront H.T. Using a bicycle chain with a lock on it, Khamo broke the truck's passenger window while S.M. smashed the driver's side window. H.T. got out of his truck holding a club or stick and the three men brawled. During the fight, H.T. suffered a concussion and a broken leg.

The People charged both Khamo and S.M. with assault (§ 245, subd. (a)(4)), misdemeanor vandalism (§ 594, subd. (a)(b)(2)(A)), and other charges that were later dismissed. The prosecution filed a request for an order compelling privileged testimony from H.T. pursuant to section 1324, which in relevant part, prohibits the People from using the compelled testimony against the witness in a subsequent criminal case unless the prosecution is based on "perjury, false swearing or contempt" in connection with the order. (§ 1324.) After discussing the request with the parties at a pre-trial hearing, the court granted the prosecution's request and ordered that H.T. testify under the immunity conditions described in section 1324.

H.T. testified about the incident at trial, and he was cross-examined by Khamo's attorney. At no point during H.T.'s testimony did anyone mention or introduce evidence of his section 1324 immunity.

---

1    Further undesignated statutory references are to the Penal Code.

When the parties discussed proposed jury instructions with the court, the court stated that it would modify CALCRIM No. 226 on the credibility of witnesses to exclude certain bracketed portions of the instruction. Although the proposed instruction included some bracketed language beyond the default text, the instruction did not include the following bracketed factor among the list of factors for the jury to consider when evaluating credibility: "Was the witness promised immunity or leniency in exchange for his or her testimony?" (See CALCRIM No. 226.) Neither party objected to the instruction as modified, nor did they object when the court gave the instruction to the jury.[2] The jury found Khamo guilty of the assault and misdemeanor vandalism.

DISCUSSION

Khamo contends on appeal that the court erred by failing to instruct the jury that H.T. testified under a grant of immunity. Specifically, Khamo argues that the court had a sua sponte duty to revise CALCRIM No. 226 to include the bracketed language instructing the jury that among the factors it could consider was whether a witness was promised immunity or leniency in exchange for his testimony. (See CALCRIM No. 226.) We disagree.

In criminal cases, the trial court has a sua sponte duty to instruct the jury on all general principles of law relevant to the issues raised by the

---

[2]     As given to the jury, CALCRIM No. 226 stated in relevant part: "You alone must judge the credibility or believability of the witnesses. In deciding whether testimony is true and accurate, use your common sense and experience. You must judge the testimony of each witness by the same standards, setting aside any bias or prejudice you may have. You may believe all, part, or none of any witness's testimony. Consider the testimony of each witness and decide how much of it you believe. [¶] In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony." The instruction then listed various factors the jury "may consider" in evaluating credibility.

3

evidence and necessary for the jury's understanding of the case.  (*People v. Brooks* (2017) 3 Cal.5th 1, 73.)  However, "[a] trial court has no sua sponte duty to revise or improve upon an accurate statement of law without a request from counsel [citation], and failure to request clarification of an otherwise correct instruction forfeits the claim of error for purposes of appeal." (*People v. Lee* (2011) 51 Cal.4th 620, 638 (*Lee*); *People v. Welch* (1999) 20 Cal.4th 701, 757 [where "the court gives an instruction correct in law, but the party complains that it is too general, lacks clarity, or is incomplete, he must request the *additional or qualifying instruction* in order to have the error reviewed."] [Cleaned up.].)  "We determine whether a jury instruction correctly states the law under the independent or de novo standard of review." (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.) We ask whether the instructions as a whole fully and fairly set forth the applicable law and assume that jurors are capable of understanding and correlating all jury instructions given.  (*Ibid.*)

Khamo does not contend the court's instruction on witness credibility misstated the law.  He argues, rather, that the court should have added H.T.'s immunity from prosecution to the instruction's list of factors for evaluating credibility.  But Khamo forfeited his claim of error because if he "believed the instruction . . . required elaboration or clarification, he was obliged to request such elaboration or clarification in the trial court." (*Lee, supra*, 51 Cal.4th at p. 638.)  When the court discussed the instruction with the parties, neither party objected.  At no point did Khamo's attorney request that the court add the factor regarding immunity to the instruction, even though counsel had the opportunity to do so.  Contrary to what Khamo argues, the court had no sua sponte duty to instruct the jury on H.T.'s immunity.  (See *People v. Freeman* (1994) 8 Cal.4th 450, 508; *People v.*

4

*Daniels* (1991) 52 Cal.3d 815, 867, fn. 20 ["Defendant points to no authority requiring the court to instruct the jury that immunized-witness testimony is to be viewed with distrust. We have held that the court has no such duty to instruct sua sponte."].)

Moreover, even if Khamo's attorney had proposed the additional language, there was no evidence of H.T.'s immunity admitted at trial. The Judicial Council's Bench Notes to CALCRIM No. 226 state that courts should give instructions on bracketed factors "that are relevant based on the *evidence.*" (Italics added; see Evid. Code, § 780, subds. (e), (i), & (k); *People v. Smith* (2013) 57 Cal.4th 232, 239 ["trial court must instruct on the general principles of law relevant to the issues raised by the evidence"].) Neither party questioned H.T. about the immunity order, even though Khamo's attorney could have on cross-examination. If she had, Khamo would have had a basis for requesting that the court include the bracketed language in CALCRIM No. 226 regarding immunity. But without any evidence that H.T. was testifying under a grant of immunity, the trial court would have had no obligation to do so even upon request. (See *People v. Moon* (2005) 37 Cal.4th 1, 30 [trial court "may properly refuse an instruction offered by the defendant . . . if it is not supported by substantial evidence"].)

For these reasons, we conclude that the court did not err in instructing the jury on witness credibility without including language about immunity.

## DISPOSITION

The judgment is affirmed.

                                                     BUCHANAN, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.