Filed 8/22/24  P. v. Anderson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083103 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN443066) |
| GRANT WARNER ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following a bench trial, the court found defendant and appellant Grant Warner Anderson guilty of felony resisting an executive officer (Pen. Code,[1] § 69; count 1) and misdemeanor battery upon a peace officer (§ 243, subd. (b); count 2).  It found true allegations that Anderson had suffered two prior

---

[1]     Undesignated statutory references are to the Penal Code.

strike convictions (§§ 667, subds. (b)-(i), 1170.12, 668).  The court sentenced Anderson on count 1 to the low term of two years eight months in state prison, and on count 2 to a concurrent term of 365 days in county jail with credit for time served.  It also resentenced Anderson in an unrelated San Diego County case (Case No. SCN432383) to a concurrent term of one year four months.  The court denied Anderson's request to reduce count 1 to a misdemeanor under section 17, subdivision (b), as well as his motion to dismiss his prior strike conviction under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

Anderson's appointed counsel has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), indicating counsel has not been able to identify any arguable issues for reversal, but lists two potential issues that we consider below.  We invited Anderson to file his own brief on appeal, but he has not done so.  Having considered the identified issues and independently reviewed the entire record on appeal, we conclude there are no reasonably arguable issues that would result in a modification or reversal of the judgment.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2023, an Escondido police officer responded to a report of a man threatening customers outside a business.  When the officer arrived, he encountered Anderson apparently asleep on the ground.  The officer announced his presence until Anderson became conscious.  The officer's body-worn camera captured his initial encounter with Anderson, as well as subsequent points during that day.  Anderson showed symptoms of extreme intoxication; he was unable to stay awake, his clothes were disheveled, he had an unsteady gait, and the officer could smell alcohol.  The officer arrested

Anderson for public intoxication and placed him in his patrol car to travel to the police station.

Anderson was belligerent, using profanities and threats at officers while in the patrol car, leading them to leave him there while they prepared booking paperwork until they could transport him to a detention center. During transport to the detention center, Anderson uttered profanities and racial epithets at the first officer, and told him that if he did not let him go, he would kill the officer and his family. The officer was concerned about the threats but felt comfortable because Anderson was confined in the patrol car's back seat. At the detention center, the officer attempted to remove Anderson from his patrol car, but when he opened the door Anderson spat on him, hitting him in the chest and vest area of his police uniform. The officer placed a spit sock over Anderson's head in accordance with his training.

The officer was standing by his patrol car when Anderson said something like, "Don't fucking touch me," and told the officer he was going to put him on the ground where he belonged. The officer asked Anderson to step out of the car, and as Anderson was doing so, he attempted to headbutt the officer. The officer blocked his own face with his forearm and pushed Anderson backward until he was in the intake booking area, where the officer gained control of him using a wrist lock.

## DISCUSSION

As stated, counsel has filed a brief asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d 436. To assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel listed two issues that might arguably support the appeal. As we explain, neither requires modification or reversal of the judgment.

3

I. *Was the Evidence Sufficient to Support Anderson's Conviction of Resisting an Executive Officer in Violation of Section 69?*

Section 69, subdivision (a) provides in part that "[e]very person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine . . . or by imprisonment . . . or by both such fine and imprisonment." Section 69 " 'sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty.' " (*People v. Smith* (2013) 57 Cal.4th 232, 240, quoting *In re Manuel G.* (1997) 16 Cal.4th 805, 814.)

"The first way of violating section 69 'encompasses attempts to deter *either* an officer's *immediate* performance of a duty imposed by law *or* the officer's performance of such a duty at some time *in the future*.' [Citation.] The actual use of force or violence is not required. [Citation.] Further, 'the statutory language [of the first clause of section 69] does not require that the officer be engaged in the performance of his or her duties at the time the threat is made . . . .' " (*People v. Smith, supra*, 57 Cal.4th at p. 240.)

"The second way of violating section 69 expressly requires that the defendant resist the officer 'by the use of force or violence,' and it further requires that the officer was acting lawfully at the time of the offense." (*People v. Smith, supra*, 57 Cal.4th at p. 241.) The latter requirement that the office be acting lawfully is a necessary element of the offense. (*People v. Murillo* (2021) 71 Cal.App.5th 1019, 1022-1023.)

4

Evidence that Anderson both threatened to kill the officer and his family during his transport to the detention facility, and attempted to headbutt him while the officer was asking him to exit the police vehicle, is sufficient to support Anderson's conviction. (*People v. Gomez* (2018) 6 Cal.5th 243, 278 [setting out substantial evidence standard, and explaining it is evidence that is " 'reasonable, credible, and of solid value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt' "].

II. *Did the Trial Court Abuse Its Discretion by Denying Anderson's Motion to Reduce the Count 1 Conviction to a Misdemeanor Under Section 17, Subdivision (b) or, Alternatively, to Strike the Prior Serious or Violent Felony Convictions Under* Romero?

The court has discretion to reduce a "wobbler" offense, such as a violation of section 69, to a misdemeanor. (*People v. Park* (2013) 56 Cal.4th 782, 793.) "The purpose of the trial judge's sentencing discretion to downgrade certain felonies is to 'impose a misdemeanor sentence in those cases in which the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon.' [Citation.] The reduction of a wobbler to a misdemeanor is not based on the notion that a wobbler offense is 'conceptually a misdemeanor.' [Citation.] Rather, it is 'intended to extend misdemeanant treatment to a potential felon' and 'extend more lenient treatment to an offender.' " (*People v. Tran* (2015) 242 Cal.App.4th 877, 886.)

The court also has "broad, though not absolute discretion" (*Wheeler v. Appellate Division of Superior Court of Los Angeles County* (2024) 15 Cal.5th 1193, 1206) to dismiss a prior strike conviction in furtherance of justice under section 1385. (§ 1385, subd. (a); *Wheeler*, at p. 1205; *Romero, supra*, 13

Cal.4th at pp. 529-530.) In considering whether to exercise its discretion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; see also *Wheeler*, at p. 1207.) It may not rely on factors extrinsic to that sentencing scheme, " 'such as the mere desire to ease court congestion' or 'bare antipathy' for the three strikes law or the sentences it prescribes." (*Wheeler*, at p. 1207.)

We review for abuse of discretion the court's decision under section 1385. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-377; *People v. Williams, supra*, 17 Cal.4th at p. 162.) "An abuse of discretion occurs, for example, 'where the trial court was not "aware of its discretion" to dismiss [citation] or where the court considered impermissible factors in declining to dismiss [citation].' [Citation.] 'Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." ' " (*People v. Lua* (2017) 10 Cal.App.5th 1004, 1020.)

The court properly considered the relevant factors of the nature and circumstances of Anderson's current offense, as well as his prior record. It did not abuse its discretion when it denied Anderson's request and motion to reduce his felony conviction to a misdemeanor and dismiss the prior strike convictions.

6

We have reviewed the entire record for error as required by *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738 and have determined there are no arguable grounds for reversal. Competent counsel has represented Anderson in this appeal.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

BUCHANAN, J.

RUBIN, J.