Filed 9/18/24  P. v. Wyman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098091 |
| v. | (Super. Ct. No. 22F8429) |
| DEREK DONHAM WYMAN, | |
| Defendant and Appellant. | |

A jury convicted defendant Derek Donham Wyman of sexual intercourse with a child under 10 years old and committing a forcible lewd act on the child.  The jury found that defendant committed the lewd act by force, violence, duress, menace, or fear of injury, and that he had a prior conviction for a lewd act with a child.  The trial court sentenced defendant to 25 years to life in prison.

Defendant now contends the trial court (1) should have instructed the jury on attempted sexual intercourse, and (2) abused its discretion in admitting prior misconduct evidence.

Finding no merit in the contentions, we will affirm the judgment.

BACKGROUND

C.C. spent the night at defendant's house when she was seven or eight years old.  Her aunt dropped her off there.  Defendant was at the house with his girlfriend.

1

C.C. watched cartoons with defendant's girlfriend while defendant went out. Defendant did not return until later in the evening when C.C. was asleep on the couch and defendant's girlfriend was in the bedroom. Defendant sat next to C.C. on the couch, touched her knee, and took her clothes off. C.C. began crying and told defendant to stop, saying she wanted to go home. Defendant put his hand over her mouth and told her to shut up. He said he would kill her sister if C.C. said anything. She was trying to get away, but defendant kept pushing her back down.

Defendant took his clothes off, touched C.C.'s chest, and touched his "private parts" to her "private parts." C.C. told a forensic interviewer that defendant hurt her inside her private part when he put his private part inside of her. She said he did it more than one time, and that she felt pressure on her body when this was happening. C.C. was scared. Eventually defendant returned to his bedroom.

A recording of C.C.'s interview with the forensic interviewer was played to the jury.

R.D. testified at trial that she was defendant's daughter. From the age of three years old until she was 14 years old, defendant made her perform oral copulation on him and he orally copulated her. Defendant told R.D. not to tell because it would upset a lot of people and no one would believe her. R.D. also remembered an incident when defendant inserted a horse whip in her vagina. On another occasion, defendant tried to anally penetrate R.D., but she pushed him away. Another time at defendant's friend's house, R.D. was asking for toilet paper and defendant put toilet paper on his penis and cornered R.D. in the downstairs bathroom and tried to assault her there. In the upstairs bathroom, defendant tried to get R.D. to orally copulate him when she was taking a shower, and then he tried to touch her.

R.D. was yelling one night because she was angry about what defendant was doing to her. Defendant held a knife to her throat, covered her mouth, and told her he would kill her or her mother.

The jury convicted defendant of sexual intercourse with C.C., a child of 10 years of age or younger (Pen. Code, § 288.7, subd. (a) -- count I),[1] and committing a forcible lewd act upon C.C. (§ 288, subd. (b)(1) -- count II). The jury found that defendant committed the lewd act by force, violence, duress, menace or fear of immediate bodily injury (§ 1203.066, subd. (a)(1)) and that he had a prior conviction for committing a lewd act upon a child (§ 288, subd. (c)(1)). The trial court sentenced defendant to 25 years to life in prison for the sexual intercourse conviction and imposed but stayed a sentence of eight years for the forcible lewd act conviction.

DISCUSSION

I

Defendant contends the trial court should have instructed the jury on attempted sexual intercourse. He claims it is a lesser included offense of sexual intercourse.

A trial court "must instruct on an uncharged offense that is less serious than, and included in, a charged greater offense, even in the absence of a request, whenever there is substantial evidence raising a question as to whether all of the elements of the charged greater offense are present." (*People v. Huggins* (2006) 38 Cal.4th 175, 215.) An uncharged crime constitutes a lesser included offense of a charged crime if it meets either the "elements" test or the "accusatory pleading" test. (*People v. Smith* (2013) 57 Cal.4th 232, 240.) "The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater." (*People v. Bailey* (2012) 54 Cal.4th 740, 748 (*Bailey*).) The accusatory pleading test inquires whether the " 'facts actually alleged in the accusatory pleading[] include all the elements of the lesser offense, such

---

[1] Undesignated statutory references are to the Penal Code.

that the greater cannot be committed without also committing the lesser.' " (*Smith,* at p. 240.)

The elements of sexual intercourse with a child 10 years of age or younger are: (1) the defendant engaged in an act of sexual intercourse with the victim; (2) when the defendant did so, the victim was 10 years of age or younger; and (3) at the time of the act, the defendant was at least 18 years old. (§ 288.7, subd. (a); CALCRIM No. 1127.) "Sexual intercourse means any penetration, no matter how slight, of the vagina or genitalia by the penis." (*People v. Mendoza* (2015) 240 Cal.App.4th 72, 79 (*Mendoza*), citing *People v. Dunn* (2012) 205 Cal.App.4th 1086, 1097.) This is a general intent crime. (*People v. Richardson* (2008) 43 Cal.4th 959, 1018.) Attempted sexual intercourse requires "two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a.) Accordingly, as between sexual intercourse and attempted sexual intercourse, there are different mental states required, and, under the elements test, attempted sexual intercourse is not a lesser included offense of the charged completed crime. (*Mendoza*, at p. 83; see *People v. Ngo* (2014) 225 Cal.App.4th 126, 156 ["when the completed offense is a general intent crime, an attempt to commit that offense does not meet the definition of a lesser included offense under the elements test because the attempted offense includes a specific intent element not included in the complete offense"]; *People v. Braslaw* (2015) 233 Cal.App.4th 1239, 1248 (*Braslaw*) ["If the attempt requires a heightened mental state, as is the case with attempts of many general intent crimes, the attempt requires proof of an additional element and is therefore not a lesser included offense"].) Defendant argues *Mendoza*, as well as *Bailey, supra*, 54 Cal.4th at page 748, on which *Mendoza* relied, were wrongly decided, but he acknowledges we are bound by the decision of the California Supreme Court.

The accusatory pleading test also does not assist defendant. "Where the accusatory pleading . . . tracks the statutory language rather than reciting factual details

of the offense, 'only the statutory elements test is relevant in determining if an uncharged crime is a lesser included offense of that charged.' " (*Braslaw, supra*, 233 Cal.App.4th at p. 1247.) Defendant argues the amended information required specific intent because it alleged defendant "did *engage* in sexual intercourse" with C.C. (italics added), but because the allegation tracked the statute, only the elements test is relevant. Section 288.7, subdivision (a), provides: "Any person 18 years of age or older who *engages* in sexual intercourse or sodomy with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 25 years to life." (Italics added.)

Because attempted sexual intercourse is not a lesser included offense of sexual intercourse (*Mendoza, supra*, 240 Cal.App.4th at p. 83), the trial court was not required to instruct the jury sua sponte on attempted sexual intercourse.

## II

In addition, defendant contends the trial court abused its discretion in admitting evidence of defendant's sexual abuse of R.D., because (1) it applied the wrong legal standard, and (2) the inflammatory nature of the prior acts evidence outweighed its probative value.

## A

Evidence of a defendant's uncharged conduct is generally not admissible to prove the defendant's criminal disposition or propensity to commit crimes. (Evid. Code, § 1101, subd. (a); *People v. Kipp* (1998) 18 Cal.4th 349, 369.) However, Evidence Code section 1108 provides that when a defendant is charged with a sex offense, evidence of defendant's other sex offenses is not made inadmissible by Evidence Code section 1101 if the evidence is admissible under Evidence Code section 352. (Evid. Code, § 1108, subd. (a).)

The Legislature in enacting Evidence Code section 1108 recognized that " 'sex crimes are usually committed in seclusion without third party witnesses or substantial

5

corroborating evidence.  The ensuing trial often presents conflicting versions of the event and requires the trier of fact to make difficult credibility determinations.' " (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1160, quoting *People v. Falsetta* (1999) 21 Cal.4th 903, 915 (*Falsetta*).)  Evidence Code section 1108 permits the trier of fact to consider uncharged sex offense evidence as evidence of the defendant's propensity to commit sex offenses in evaluating the defendant's and the victim's credibility and in deciding whether the defendant committed the sex offense charged.  (*Villatoro,* at pp. 1160, 1164, 1166-1167; *Falsetta,* at pp. 911-912.)

Nevertheless, uncharged sexual conduct evidence is inadmissible if, under Evidence Code section 352, the probative value of the evidence is substantially outweighed by the probability that its admission will necessitate undue consumption of time or create substantial danger of prejudice, of confusing the issues, or of misleading the jury.  (Evid. Code, §§ 352, 1108, subd. (a).)  The probative value of uncharged sexual conduct evidence is increased by the relative similarity between the charged and uncharged acts, the close proximity in time between the charged and uncharged acts, and the independent sources of evidence in each offense.  (*Falsetta, supra*, 21 Cal.4th at p. 917.)  The prejudicial impact of uncharged sexual conduct evidence is reduced if the uncharged act resulted in a criminal conviction and a substantial prison term, ensuring that the jury would not be tempted to convict the defendant simply to punish him for the uncharged act, and that the jury's attention would not be diverted by having to determine whether defendant committed the uncharged act.  (*Ibid.*)

We review a trial court's Evidence Code section 352 determination under the deferential abuse of discretion standard.  (*People v. Avila* (2014) 59 Cal.4th 496, 515.)

B

The People moved in limine under Evidence Code section 1108 to admit testimony from defendant's daughter, R.D., that defendant committed sexual offenses against her.  The People noted that in 2011, defendant was convicted of a violation of

6

section 288, subdivision (c)(1). There was additional evidence that defendant committed acts of oral copulation and penetration with a foreign object against his daughter beginning when she was three years old. The People sought to present this testimony from one witness, R.D., which testimony was expected to consume one hour of trial time.

Defendant objected to the evidence, arguing it was irrelevant and more prejudicial than probative. Among other things, he argued the conduct was remote and also dissimilar. The conduct with R.D. involved oral copulation, penetration with a foreign object, and masturbation, which did not occur in the present case; and R.D. would testify that defendant abused her daily from age three to 14 years old, whereas the present case involved a single assault when C.C. was nine years old. Defendant further argued the uncharged sexual offenses against R.D. would inflame the jury's emotions.

The trial court granted the People's motion, ruling there were sufficient similarities in the ages of the children and the type of conduct, the evidence would not consume too much time, and it would not be unduly prejudicial.[2] The trial court said it would give a limiting instruction.

We disagree with defendant's argument that the trial court applied the wrong legal standard. Defendant points to a comment made by the trial court that the R.D. evidence did not shock the conscience, but in context we conclude the trial court understood the law and applied it correctly. It expressly found that the evidence would not involve undue consumption of time, and any prejudicial impact would not outweigh the probative value.

---

[2] Defendant notes that the reporter's transcript states that the trial court said the following: "I find it would lead to being unduly prejudicial in this case." Defendant acknowledges a possible miscommunication, and in context it is clear the trial court did not find the evidence inadmissible under Evidence Code section 352.

Defendant also argues the evidence was unduly inflammatory, citing this court's decision in *People v. Harris* (1998) 60 Cal.App.4th 727, 737 to 738. But *Harris* does not support defendant's argument. In that case the defendant, a mental health nurse, kissed and fondled two women who were vulnerable due to their mental health conditions. (*Id.* at pp. 730-732.) Prior crimes evidence involved a woman found naked from the waist down with blood on her vagina and mouth and a severe swelling on the side of her face. (*Id.* at p. 734.) Defendant was found hiding nearby with blood on his shorts and penis. (*Id.* at pp. 734-735.) This court observed that the evidence was "inflammatory *in the extreme*" and that the charged crimes were "of a significantly different nature and quality" from the prior offenses. (*Id.* at p. 738.) But that is not the case here. Although the prior misconduct evidence involved a longer period of time, a younger victim, some different acts, and a threat with a knife, there were also similarities to the present case. Both victims were female minors, showing that defendant had a sexual attraction to young girls. (*People v. Holford* (2012) 203 Cal.App.4th 155, 185-186.) Defendant had more opportunity with his daughter, but C.C. was assaulted the one time she slept over at defendant's house, showing defendant would take advantage of a young girl when left alone with them, whether on a single occasion or over a period of time. (*People v. Soto* (1998) 64 Cal.App.4th 966, 991.) Defendant argues the conduct with his daughter was more inflammatory because it was incestuous, but R.D. and C.C. have the same mother and C.C. thought of defendant as her uncle. Moreover, defendant covered the mouths of both victims and threatened violence when they protested. As the court in *People v. Frazier* (2001) 89 Cal.App.4th 30 (*Frazier*) observed: "The charged and uncharged crimes need not be sufficiently similar that evidence of the latter would be admissible under Evidence Code section 1101, otherwise Evidence Code section 1108 would serve no purpose." (*Frazier,* at pp. 40-41.)

Defendant does not quantify how much of the trial was occupied with R.D.'s testimony. But courts have held that prior crimes evidence occupying a significant

percentages of trial testimony did not consume an undue amount of time. (*Frazier, supra*, 89 Cal.App.4th at p. 42 [trial court did not abuse its discretion in admitting evidence regarding prior offenses that consumed 27 percent of trial transcript]; *People v. Escudero* (2010) 183 Cal.App.4th 302, 312 [evidence that prior sex offense consumed 53 percent of the trial time did not compel court to exclude evidence].) Moreover, defendant's sexual abuse of R.D. more than a decade before his abuse of C.C. tended to show the long-term persistence of his opportunistic propensity. (See *Frazier, supra*, 89 Cal.App.4th at p. 41.) "Numerous cases have upheld admission pursuant to Evidence Code section 1108 of prior sexual crimes that occurred decades before the current offenses." (*People v. Robertson* (2012) 208 Cal.App.4th 965, 992 [citing cases]; see *People v. Branch* (2001) 91 Cal.App.4th 274, 284 [prior offense occurring 30 years before current offense was not remote where both offenses involved defendant molesting a 12-year-old relative staying in defendant's home].)

The trial court did not abuse its discretion in admitting evidence of defendant's sexual abuse of R.D.

DISPOSITION

The judgment is affirmed.

/S/<br>MAURO, Acting P. J.

We concur:

/S/<br>
RENNER, J.

/S/<br>
FEINBERG, J.

9